THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* VIRGIL UPLINGER, Defendant-Appellee.

Fourth District   No. 13297

Opinion filed December 30, 1976.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, and J. T. Inghram IV, of Quincy, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted for burglary on March 5, 1974. After a delay in bringing the case to trial of almost one year, the indictment was dismissed because the defendant was not properly advised of his right to demand trial or brought to trial within 180 days under the Uniform Agreement on Detainers (Ill. Rev. Stat. 1973, ch. 38, par. 1003—8—9), because his constitutional right to a speedy trial had been violated by the delay and because the State had failed to prosecute the case with diligence. The State has appealed from this dismissal.

After his arrest for the burglary upon which the indictment was based, the defendant was admitted to bail. While admitted to bail, the defendant left Illinois to visit his girlfriend in Hannibal, Missouri. This trip out of Illinois without the permission of the trial court was in direct violation of his bail agreement. While in Hannibal, defendant was arrested for violation of a prior Missouri parole and was sentenced for that offense to the Missouri State Penitentiary. Defendant's Illinois counsel alerted the

State of the defendant's whereabouts when moving for a continuance on May 7, 1974, one week before the defendant's trial was to begin. Subsequently, the defendant's counsel moved for the issuance of a writ of *habeas corpus ad prosequendum.* That writ was granted and a fugitive warrant for the defendant's arrest was issued by the trial court.

Defendant was released from prison in Missouri on October 8, 1974, but was immediately arrested by Randolph County, Missouri, authorities on the Illinois detainer warrant. A public defender secured his release from custody on December 2, 1974, because the State of Illinois had failed to make any attempt to bring the defendant back to Illinois for trial. The Missouri authorities refused to deliver defendant to Illinois on the basis of the *habeas* writ, advising reliance instead on either the Uniform Agreement on Detainers or extradition. The Adams County State's Attorney had attempted the latter remedy but not only had the defendant refused to waive extradition, the Governor's office, upon receipt of the State's Attorney's request for extradition, advised him to proceed under the detainer compact instead.

Several continuances were granted on the State's motion in the Illinois prosecution so that the State's Attorney could discover the extent to which Missouri authorities had complied with the Uniform Agreement on Detainers. While the fugitive warrant served on the warden of the Missouri prison in which defendant was incarcerated demanded 60 days' notice prior to defendant's release, such notice was never given. The Adams County State's Attorney did not learn of defendant's release until after his arrest by Randolph County authorities. The transfer of the defendant to Illinois under the provisions of the Uniform Agreement on Detainers was never accomplished because the defendant had never initiated the process as required by statute. While the defendant had expressed a desire to his attorney for a prompt trial on the Illinois charges, the warden of the Missouri prison never advised the defendant of his right to proceed under the Uniform Agreement on Detainers which has also been adopted by Missouri. Mo. Ann. Stat. §222.160 (Vernon Supp. 1977).

■■ One of the reasons given by the trial court for dismissing the indictment was a want of prosecution by the State. While we have no doubt the State here could have been more diligent, it is beyond the power of a trial court to dismiss a criminal case for want of prosecution. (*People v. Guido* (1973), 11 Ill. App. 3d 1067, 297 N.E.2d 18.) An indictment may be dismissed only for one of the causes set forth in section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—1). (*People v. McAleer* (1975), 34 Ill. App. 3d 821, 341 N.E.2d 72; *People v. Byrnes* (1975), 34 Ill. App. 3d 983, 341 N.E.2d 729.) Since the situation here fits into none of the grounds for dismissal enumerated in

that paragraph, the dismissal of the indictment cannot be sustained for want of prosecution.

The trial court also based its order on a denial of the defendant's right to a speedy trial under both the State and Federal constitutions. Unlike the 120-day rule in effect in Illinois or the 180-day rule set forth in the Uniform Agreement on Detainers, the denial of the constitutional right to a speedy trial requires that we examine four factors: the length of delay between indictment and trial, the cause of the delay, the nature of the prejudice to the defendant caused by the delay, and the existence of a waiver of the right. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182; *People v. Tetter* (1969), 42 Ill. 2d 569, 250 N.E.2d 433.) To find a denial of the right, all of these factors must be balanced; no one factor assumes precedence over another and no one factor is absolutely necessary to a decision. *Moore v. Arizona* (1973), 414 U.S. 25, 38 L. Ed. 2d 183, 94 S. Ct. 188.

■■ The length of the delay here was approximately one year. Illinois cases have not set forth a uniform rule in determining how much delay constitutes prejudice. In *People v. Bryarly* (1961), 23 Ill. 2d 313, 178 N.E.2d 326, a delay of eight years constituted a denial of the right to speedy trial. In *People v. Moriarity* (1966), 33 Ill. 2d 606, 213 N.E.2d 516, a delay of ten months was held not to be a violation of the defendant's right to a speedy trial. Here, the defendant did not waive his right to a speedy trial. The only prejudice to the defendant caused by the delay was the continuing emotional stress of an impending trial. The delay can be properly said to be the fault of both the defendant for violating the conditions of his bail and the State's Attorney for not expediting the detainer in Missouri. A consideration of all of these factors leads us to the conclusion that the defendant was not denied his constitutional right to a speedy trial by the delay in this case.

■■ A more difficult question is raised by a comparison of the provisions of the Uniform Agreement on Detainers and the facts of this case. The provisions of section 3—8—9 (Ill. Rev. Stat. 1973, ch. 38, par. 1003—8—9) give a defendant the right to be brought to trial within 180 days of his demand for trial. While the defendant here never actuated the provisions of the Uniform Agreement by serving the formal written demand required by the Act, he did indicate a desire to be tried through his Illinois attorney who also filed a petition for a writ of *habeas corpus ad prosequendum*, thereby notifying the State of defendant's place of incarceration. In mitigation of his failure to file the proper demand for trial under the detainer compact, defendant argues that section 3—8—9 of the Act also requires the warden of the prison holding the defendant to notify him of his right to demand trial after receipt of a detainer warrant. The problem with defendant's argument is its result: Illinois prosecutions

of defendants presently incarcerated in another jurisdiction would depend on the reliability of officials of that other jurisdiction such as the Missouri warden here.

Defendant also argues that the machinery of the Uniform Agreement on Detainers was activated upon his attorney's filing for a writ of *habeas corpus ad prosequendum*. While there is dicta indicating the contrary (see *United States v. Ricketson* (7th Cir. 1974), 498 F. 2d 367), we do not believe this common law writ is sufficient to constitute a demand for trial by the defendant. The demand required by the Act includes the requirement that written notice of the place of his incarceration be given to the prosecuting officer of the receiving jurisdiction and that the request be sent by registered or certified mail. Even though oral notice was given by defendant's attorney in moving for a continuance, the statute demands a written form. The statute also contemplates the filing, with the demand, of an accompanying certificate from the authorities of the institution holding the defendant at that time. That certificate must state defendant's inmate status at that time and is required to give the receiving jurisdiction's prosecutor information vital to the completion of the detainer process by the officers of that state. Without the benefit of this information and its accompanying documentation, it cannot be said that the State's Attorney could be sufficiently prepared to complete the detainer process. The oral notice of defendant's desire for a speedy trial and the request for a writ of *habeas corpus ad prosequendum* is not sufficient to begin the running of the 180-day period. *People v. Wolever* (1976), 43 Ill. App. 3d 25, 356 N.E.2d 611.

If the defendant had seriously desired a speedy trial in Illinois, he perhaps should not have refused the proper waiver of extradition. That defendant here does, however, not qualify for the protection of the 180-day rule provided by the Uniform Agreement on Detainers is traceable to the defendant's own failure to initiate the detainer proceeding with the request for trial in Illinois. Admittedly, the defendant may have done this if he had received notice from the Missouri warden. That was not the case.

The dismissal of the indictment against the defendant is therefore reversed with directions to reinstate and proceed to trial.

Reversed and remanded with directions.

GREEN and TRAPP, JJ., concur.