THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RONALD O. GRIMM, Defendant-Appellee.

Third District   No. 78-207

Opinion filed July 31, 1979.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Pursuant to the authority of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), the State appeals from an order of the Circuit Court of Peoria County dismissing a complaint charging the defendant Ronald O. Grimm with the offense of unlawful sale of firearm in violation of section 24—3(g) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—3(g)), a Class A misdemeanor. Pursuant to leave granted, this appeal was briefed and argued with appellate court case No. 77-520, which involves similar facts; however, the cases will be decided separately. Defendant Grimm did not file a brief on appeal.

When the defendant failed to appear on January 17, 1978, in response to a duly served summons, the trial court issued a bench warrant for his arrest, which warrant was subsequently vacated because of a misunderstanding between the State's Attorney's office and the defendant's counsel. He was arraigned on January 24, 1978, and the cause was set for trial.

When the case came on for a bench trial on February 3, 1978, at 10 a.m., the State made an oral motion for a continuance due to the absence of Officer Paul Hilst, who was on sick leave with intestinal flu. The State advised the trial court that they were first notified of their witness' illness during the evening of February 2, 1978, when Sergeant Voegele of the Peoria Police Department informed the State's Attorney's office that Officer Hilst had been released from the hospital on January 31, 1978, but was still under his doctor's care and on sick leave. The court was further advised by Officer Voegele that Hilst had been in the hospital for two weeks and had been on IVs, but was released on January 31, 1978, and until the night before, had assumed he would be able to testify on February 3, 1978.

The motion for a continuance was denied, and defendant then made an oral motion for dismissal and a verdict of not guilty on the basis of *People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97. The trial court granted defendant's motion and entered a verdict and judgment of not guilty, discharging the defendant.

■■ We believe the State's request for a continuance because of the inability of their only witness to testify, due to illness, was certainly a reasonable request and should have been granted. No prior continuances had been sought or granted, and no other delay had been occasioned by the State. *Thomas* has been discussed and distinguished in *People v. Deems* (3d District, No. 77-520, filed July 19, 1979), and the statements in that opinion are equally applicable to the case at bar.

■■ We believe the State has a right to appeal from the circuit court's order of dismissal even though the dismissal was not based on any of the

grounds for dismissal set out in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). In *People v. Guido* (1973), 11 Ill. App. 3d 1067, 1069, 297 N.E.2d 18, 19, it was stated "The court on its own motion, or on the motion of the defendant, has no power before trial, in the absence of a statute, to dismiss criminal charges or enter a *nolle prosequi* in a criminal case, since this power rests initially and primarily with the prosecuting officer."

■■ In *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, the supreme court expanded upon the statutory provisions of section 114—1 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1), declaring that an action may be dismissed where the defendant has been denied due process as a result of preindictment delay. However, the court cautioned that its holding:

> "* * * must not be construed as an invitation to disregard statutory provisions on dismissal. The courts must proceed with restraint and ascertain preindictment denial of due process only with certainty. Such certainty may be ascertainable in a pretrial evidentiary hearing on a motion to dismiss.
>
> Whether the court chooses to determine issues of prejudicial delay in a pretrial hearing or at trial is for it to decide; the fundamental consideration is the competing interests of the defendant and the People." 67 Ill. 2d 449, 457, 367 N.E.2d 1244, 1247.

■■ Since no ground of section 114—1 existed to justify a dismissal and since there was no showing of a due process violation, the trial court abused its discretion in dismissing the complaint.

In matters of the kind presented in the instant case, courts must be governed in their action, not by sympathy, but by the rules of procedure made and adopted for their guidance.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and remanded with directions consistent with the views express in both No. 77-520 and herein.

Reversed and remanded for further proceedings.

BARRY, P. J., concurs.

Mr. JUSTICE STOUDER, dissenting:
I respectfully dissent from the views of my colleagues in this case. Where, as in this case, a defendant has been found not guilty because of the State's failure to introduce evidence, then, in my opinion, the State has no right of appeal. My views have been set forth at length in my dissenting opinion in *People v. Deems* (3d Dist., No. 77-520, filed July 19, 1979), and they will not be restated here.

The majority opinion proceeds as if this were an appeal by a plaintiff in the ordinary civil case without any special regard that this case is a criminal case and the rights of appeal by the State are limited in such a case. The opinion of the majority also suggests that a state's attorney has unlimited discretion in the control of a criminal case which can not be interfered with by a judge, or, in other words, a judge has no function in enforcing the rules of court regarding the manner in which cases are brought to trial. I find no support for such a contention and in *Deems* I have indicated that this is not the rule. To suggest that the judge has no function in the orderly administration of the affairs of his court would cloak the state's attorney with the authority to be judge as well as prosecutor.

So far as the procedure in this case is concerned, the trial judge concluded that the case had been set for trial, the defendant was present in open court ready to proceed, and most critically, the prosecution was well aware of the illness of its principal witness before the morning of the trial and could have sought a continuance before it did so on the morning of trial. If the State had its witnesses present and the defendant moved for a continuance under similar circumstances and such continuance were denied, we would have approved the court's exercise of its discretion. This being the case, I fail to see how the trial court abused its discretion in recognizing that the prosecution owed the court the same duty as a defendant to seek timely continuances. If a continuance was not timely sought, the motion should be denied and the trial proceed.

The trial did proceed, and in view of the failure of the State to present any evidence, resulted in a judgment of not guilty, a decision on the merits of the charge and hence not appealable.