(No. 52167.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. KENNETH J. RICHARDS, Appellee.

*Opinion filed September 15, 1980.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Marcia B. Orr, Paul C. Gridelli and Wesley H. H. Ching, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John McNamara, Assistant Public Defender, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

After a jury trial in the circuit court of Cook County Kenneth Richards, on December 14, 1976, was found guilty of aggravated battery for the beating and stabbing of Denise Richards, his sister-in-law, and was sentenced to a term of 2 to 10 years. The defendant appealed, and among the several issues he raised was the claim that his right to a speedy trial was violated when the State failed to bring him to trial within 120 days as provided in section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)). The appellate court reversed the conviction on the ground that the trial court had abused discretion by twice extending the trial date beyond the statutory term of 120 days. (71 Ill. App. 3d 581.) We granted the People's petition for leave to appeal. 73 Ill. 2d R. 315.

The record shows that the charged crimes took place at the home of the defendant's sister-in-law on December 18,

1975. He was arrested two days later and confined in the Cook County jail until May of 1976, when he posted bond. On June 3, when the defendant failed to appear at a scheduled court proceeding, his bond was forfeited and a warrant for his arrest was issued. He was again taken into custody on July 24. Between July 24 and December 8, when the defendant was brought to trial, the court granted four continuances. Two were on the prosecutor's motions, one on September 8 and the other on October 13, and the other two were entered on the court's motion. None of the delays during this period were attributable to the defendant. The case had been set for trial on November 17, but on November 4 the People moved for an immediate trial or, in the alternative, for a continuance beyond the 120-day term which would expire on November 19. The ground was that Denise Richards, the complaining witness, would be unable to attend the trial on November 17 because she was to take part in a two-week job-training session in Wisconsin. The session would commence on November 7 and would be followed by a two-week orientation program in River Forest. The prosecutor also informed the court that both sides were ready for trial that day should the court deny the motion for a continuance. The court at first refused a continuance, but reconsidered when the witness stated that she would lose her job if compelled to attend the trial on November 17. The court then allowed the motion and continued the case to December 7 over the defendant's objection and demand for trial.

When the case was called on the morning of December 7 Mrs. Richards failed to appear, and though both sides stated their readiness to proceed to trial despite her absence the case was held over by the court to the following morning. The witness arrived that afternoon, *i.e.,* on December 7, claiming that car failure had delayed her. The trial began on December 8 and ended on December 14, when the jury returned a verdict of guilty.

The prosecution had vexing difficulties in securing the cooperation of the victim. Denise Richards, at the preliminary hearing in February 1976, testified that the defendant had punched her, stabbed her in the back and forearm with a knife, and kicked her when she fell to the floor. At trial she professed to have no memory of the events of the day on which the crimes were committed, save that the defendant had visited her apartment. When she testified, too, that she had no memory of her testimony at the preliminary hearing, the court made her a court's witness on the prosecutor's motion.

The question for us is whether the trial court abused discretion in allowing the People's motion for a continuance, which resulted in the defendant's trial being delayed beyond the 120-day term. The allowance of a motion of the prosecution for an extension of the 120-day period is a matter within the discretion of the trial court and in the absence of a clear abuse of discretion its determination will not be disturbed. *People v. Arndt* (1972), 50 Ill. 2d 390, 393.

The statute on which the trial court based its allowance of the People's motion for continuance provides:

> "If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later date the court may continue the cause on application of the State for not more than an additional 60 days." (Ill. Rev. Stat. 1975, ch. 38, par. 103–5(c).)

The People argue that the totality of circumstances does not warrant a conclusion that the trial court abused its discretion. Citing *People v. Robinson* (1976), 44 Ill. App. 3d 447, they contend that the defendant had no statutory or other right to be tried before the 120-day term expired, that is, he had no right to have gone to trial on November 4, which was more than two weeks before the statutory period would have run. They further argue that the prose-

cution diligently moved for a continuance when it learned that the witness would be out of town on November 17, the date for trial, and that had it waited until Mrs. Richards had already left for Wisconsin she clearly would have been unavailable for purposes of testifying and under the statute a continuance beyond the term would have been proper.

The right to a speedy trial found in the constitutions of the United States (U.S. Const., amend. VI) and of Illinois (Ill. Const. 1970, art. I, sec. 8) is implemented through section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a)). Subsection (a) in part provides:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***."

If an accused who is in custody is brought to trial before the expiration of the 120-day term he is ordinarily precluded from raising on appeal the issue of his constitutional right to a speedy trial. (*People v. Nowak* (1970), 45 Ill. 2d 158; *People v. Baskin* (1967), 38 Ill. 2d 141.) And though the statutory period is not coextensive with this right (*People v. Arndt* (1972), 50 Ill. 2d 390; *People v. Love* (1968), 39 Ill. 2d 436), if an accused is not brought to trial within the 120-day term and he has not occasioned any delay in trial, he is entitled to a dismissal of the charges (*People v. Love* (1968), 39 Ill. 2d 436; *People v. Wyatt* (1962), 24 Ill. 2d 151; see also *Strunk v. United States* (1973), 412 U.S. 434, 37 L. Ed. 2d 56, 93 S. Ct. 2260; *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182).

Though this court has also held that the statute implements the constitutional assurance of a speedy trial and must be liberally construed (*People v. Fosdick* (1967), 36 Ill. 2d 524, 528), the question of whether a defendant's

right to a speedy trial has been violated depends upon the surrounding circumstances of each case (*People v. Beyah* (1977), 67 Ill. 2d 423; *People v. Love* (1968), 39 Ill. 2d 436). We have found no decisions with circumstances closely similar to those here. In other decisions where the trial date was extended beyond the term, the witness was unavailable at the time the continuance was requested and was not present in the court as here. See, *e.g., People v. Arndt* (1972), 50 Ill. 2d 390; *People v. Robinson* (1976), 44 Ill. App. 3d 447; *People v. Stephenson* (1973), 12 Ill. App. 3d 201; *People v. Knox* (1968), 94 Ill. App. 2d 36.

Considering all the circumstances, we must hold that in granting the continuance on November 4 beyond the statutory limit of 120 days the rights of the defendant under the statute were violated. The witness was available for trial on November 4, 5 and 6, and both sides declared their readiness to begin trial when the motion was called on November 4. The record also shows that the People gave notice on October 26 that they were going to move for a continuance on November 4, 9 days before the motion was to be heard. Had the prosecution scheduled the hearing of the motion for an earlier date it would have allowed the trial court more time and greater freedom of action in commencing trial. The People suggest that there may have been another case before the trial court on November 4 for which a jury had been selected. But it is not clear from the record that there was a trial to begin that day. The court, in granting the motion for the continuance, did not state it was on trial or preparing to go to trial on another case. In any event, it is clear that the defendant was objecting to a continuance and that the record does not show that the trial court sought to have the case transferred to another judge. The controlling factor here was the statutory guaranty to the defendant that he would be given trial within 120 days. The trial court abused discretion in subordinating his right to trial to the

convenience of the witness, the circumstances which complicated bringing him to trial within the term. We do not say that under all circumstances a People's motion for an extension beyond the 120-day period should be denied if the witness is in court when the motion is made. We say only that under the unusual circumstances here the court should not have granted the extension beyond the 120-day period.

In view of our holding we need not consider what otherwise might have been the legal consequence of the court's holding over the case to December 8 because of the tardiness, whether innocent or calculated, of the witness Richards.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*