THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY FARRELL, Defendant-Appellant.

First District (3rd Division)    No. 78-1506

Opinion filed September 24, 1980.

Lawrence T. O'Brien, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Myra J.
Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

While driving his car in Chicago on July 21, 1977, defendant, Henry
Farrell, saw a man riding a familiar-looking bicycle. It had a small
indentation on the frame, similar to a mark on Farrell's bicycle of the
same make and model which had been stolen a year before. Farrell,
thinking that this was his bicycle, stopped and confronted the rider,
Gerald Toman.

Farrell grabbed Toman's handlebars and brought the bicycle to a
halt. Both straddled the bicycle as they talked. Farrell said it was his,
while Toman insisted that he had bought the bicycle for $20 from a friend

14 months before. Farrell estimated the value of the model, a ten-speed, at $300. A companion of Farrell's stood to the side of the confrontation and laughed when Toman suggested that the police be called to settle the dispute, saying that that would only be a way to get into trouble. According to Farrell, Toman removed Farrell's hands from the handlebars.

Farrell then hit Toman, once, on the side of his face with his fist. Toman staggered backwards, bleeding slightly, and a couple passing by called the police. When a beat car arrived Farrell flagged it down. Officers took Toman to a nearby hospital emergency room where he was treated and released. They then went to the police station and met Farrell, who had gone there to wait for them. Toman swore out a complaint for simple battery. Farrell was formally arrested, then released on bail.

Six days later, Toman returned to the hospital. He stayed there and was treated for bone fractures. The case was continued, once on defendant's motion and twice on the State's motion, until February 10, 1978. On that day the defendant demanded trial by jury. The case was transferred to another branch of the municipal division, and a final date for trial was set for April 5, 1978. There was no trial on that date, though, because the State filed a new complaint, this time for aggravated battery. The new complaint was again transferred to another branch, and a preliminary hearing was held the next day. Probable cause was found. On April 13, 1978, an information was filed charging aggravated battery. Trial was finally held on the information, but not until August 1, 1978.

The defendant was convicted in a bench trial of aggravated battery and sentenced to a term of 2 years' probation with 90 days' periodic imprisonment. On appeal he raises four contentions, none of which are persuasive.

There was no error in the refusal by the trial court to dismiss the indictment on the ground that the constitutional requirement of a prompt preliminary hearing had been violated. (Ill. Const. 1970, art. I, sec. 7.) The defendant charges that the State deliberately withheld filing a felony charge against him until 258 days after the offense so that a prompt preliminary hearing would not be required. To prevent such circumvention of the constitution, the defendant urges that the promptness of the hearing be measured from the time of his arrest, not from the time of the filing of the felony charge. The State justifies the delay by explaining that not until sometime in early 1978 was it aware that the disfigurement suffered by Toman was permanent, and thus so aggravated as to support a felony charge. The trial judge accepted this reasoning, holding that the State could take the time necessary to "realize" that the battery was aggravated.

■■ Even assuming an unreasonably long delay in bringing the defendant

to a preliminary hearing, it was proper to deny the defendant's motion to dismiss on that ground. The supreme court has refused to dismiss charges or reverse convictions as penalties for a violation of article I, section 7, stating that it is the legislature's obligation to fashion a remedy for the abridgment of the constitutional right. (*People v. Howell* (1975), 60 Ill. 2d 117, 123, 324 N.E.2d 403, 406; but see Ill. Const. 1970, art. I, §12.) The legislature has not done so. In the face of the clear mandate of the supreme court that charges should not be dismissed or convictions reversed on the basis of violations of article I, section 7, the trial court did not err. *People v. Eisele* (1979), 77 Ill. App. 3d 766, 771, 396 N.E.2d 662, 666; *People v. Hunt* (1975), 26 Ill. App. 3d 776, 779, 326 N.E.2d 164, 167; contra, *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 750, 377 N.E.2d 540, 543.

Nor was the delay in trying the defendant a violation of his constitutional and statutory right to a speedy trial. (Ill. Const. 1970, art. I, §8; Ill. Rev. Stat. 1977, ch. 38, par. 103—5.) Because Farrell was released on bail after his arrest, trial had to begin within 160 days of his demand for trial on February 10, 1978. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b).) Of the 187 days that elapsed, 26 were chargeable to motions by the State, 55 were by agreement and 106 were by motion of the defendant. The State thus brought the defendant to trial within the statutory period.

■ Defendant suggests that the information is defective because, in charging him with aggravated battery, it fails to specify whether the defendant committed the underlying battery by causing bodily harm or by making contact in an insulting or provoking manner. Section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch, 38, par. 111—3(a)) requires that the charge set forth the nature and elements of the offense, and in an aggravated battery case, the charge must give the defendant notice of the underlying battery as well. (*People v. Lutz* (1978), 73 Ill. 2d 204, 213, 383 N.E.2d 171, 174.) The information here sufficiently set forth the nature of the battery. It charged Farrell with causing either great bodily harm or permanent disfigurement to Toman. Both are possible only with a bodily harm battery. Defendant was thus put on notice that he would not have to defend against an insulting or a provoking contact battery, and this sufficiently apprised him of the charge.

Defendant finally contends that the State failed to prove him guilty beyond a reasonable doubt of aggravated battery. Farrell intentionally struck Gerald Toman and caused bodily harm, and so was guilty of battery. (Ill. Rev. Stat. 1977, ch. 38, par. 12—3.) A person commits aggravated battery who, in committing a battery, intentionally or knowingly causes great bodily harm or permanent disfigurement. (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a).) One acts intentionally if one's

conscious objective or purpose is to accomplish the result. (Ill. Rev. Stat. 1977, ch. 38, par. 4—4.) One acts knowingly if he is consciously aware that the conduct is practically certain to cause the result. (Ill. Rev. Stat. 1977, ch. 38, par. 4—5(b).) A substantial risk that a battery will result in aggravated damage is not enough to prove the offense, for a substantial risk is only recklessness or negligence, not the intent or knowledge the statute requires. Ill. Rev. Stat. 1977, ch. 38, pars. 4—6, 4—7.

The State presented evidence that Farrell struck Toman in the side of the face near the eye. The defendant was 18; the victim 36. Toman suffered a bone fracture and a scar near his eye. The defendant testified that he had no training in the martial arts, was not a boxer, did not hit the victim hard, did not intend to put him in the hospital, was wearing no rings or other objects on his fist and struck the victim but once.

■■ The evidence at trial proved Farrell intended to cause the aggravated damage to Toman. The ordinary presumption that a person intends the natural and probable consequences of his actions shifted the burden of production, though not persuasion, to the defendant. (*Sandstrom v. Montana* (1979), 442 U.S. 510, 516 n.5, 61 L. Ed. 2d 39, 46 n.5, 99 S. Ct. 2450, 2455 n.5.) Like all rebuttable presumptions, once the defendant introduced evidence contrary to the presumption, the presumption ceased to have effect. Only the evidence presented by the parties and natural inferences drawn from the evidence could be considered. (*Bohnen v. Wingereid* (1979), 80 Ill. App. 3d 232, 240, 398 N.E.2d 1204, 1210.) Here, after Farrell denied intending to cause aggravated damage, the State had to prove his intent by circumstantial evidence. *People v. Almond* (1975), 31 Ill. App. 3d 374, 376, 333 N.E.2d 236, 238.

The nature and circumstances of this attack indicated the intent to cause aggravated damage. Although Farrell struck his victim only once, his punch was directed to Toman's eye, one of the most sensitive areas of the body. Serious damage would be the natural result of such a punch. The trial judge, sitting as a finder of fact, could infer that Farrell intended that the damage he caused would be serious. The trial judge could also infer from the location of the attack that Farrell knew that aggravated damage was practically certain to occur. In either case, Farrell would be guilty of aggravated battery.

Defendant received as sufficiently speedy a trial as he requested, was adequately charged and was proved guilty beyond a reasonable doubt.

Judgment affirmed.

McNAMARA and RIZZI, JJ., concur.