THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MARY VERSTAT *et al.*, Defendants-Appellees.

Second District   Nos. 81—919, 81—975, 81—1013 through 81—1018, 81—
1023, 82—1, 82—26 cons.

Opinion filed January 26, 1983.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Joseph E. Voelkl and Joseph Moschetti, both of Lisle, and John T. Perry, of Wheaton, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

The State appeals from the judgments of "acquittal" of 11 defendants who were charged separately with various misdemeanor and traffic violations in the court below and whose cases were consolidated on appeal by this court. Since each case involves a similar though not identical procedural history, we briefly set out the relevant facts in the record in each of the 11 cases.

Appeal No. 81—919. The defendant, Mary Verstat, was charged by complaint with unlawful sale of alcoholic liquor to a minor (Ill. Rev. Stat. 1981, ch. 43, par. 131). After arraignment, the case was set for trial on September 28, 1981, and then continued to October 28, 1981, after the court granted a continuance requested by the State upon its affidavit which represented that a material witness, Officer Panek, would be "away on leave." On October 28, 1981, the defendant and her attorney appeared for the scheduled jury trial; the State stipulated that the court enter an order to suppress any statements Verstat made on the way to the police station or while in custody; the

State then orally requested a continuance because its main witness, who was also charged with an offense, would not testify until his case was disposed of; the State requested a four-week continuance which the defendant opposed; the trial judge, the Honorable C. Andrew Hayton, stated there were insufficient grounds for a continuance and denied the continuance; the State then moved to nol-pros, which was denied by the trial court after the State indicated it might refile the case; the trial court then swore in the defendant, asked her her name and address, and whether she committed the offense; upon her denial that she committed the offense, the trial court found her not guilty.

Appeal No. 81—975. The defendant, David W. Ek, was charged by complaint with battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—3(a)(1)). He failed to appear on August 19, 1981, and his bond was ordered forfeited. On September 23, 1981, defendant appeared and the case was set for a bench trial on November 17, 1981. The defendant appeared *pro se* on November 17, 1981, ready for trial; the State orally moved for a continuance, stating only that its witnesses were not present; the trial judge, the Honorable C. Andrew Hayton, denied the motion for continuance; the State then moved to nol-pros, which was also denied even though the State indicated it would not refile; the trial court then swore in the defendant, asked him his name and address, and whether he committed the offense; upon his denial that he committed the offense, the court found him not guilty.

Appeal No. 81—1017. The defendant, Charles M. Sitkowski, was charged by a uniform citation and complaint ticket with driving while license suspended (Ill. Rev. Stat. 1981, ch. 95½, par. 6—303). Defendant failed to appear, and an arrest warrant was issued. After his arrest on July 13, 1981, the case was continued to August 11, 1981, then continued to October 6, 1981, then reset for October 20, 1981, for the setting of a trial date, which was thereafter set for November 23, 1981. It appears that the State sought one of these continuances. On November 23, 1981, defendant appeared with an attorney who filed his appearance *instanter* and requested a continuance; the State indicated it was not prepared to proceed and said it "would have to *nolle pros*"; the court asked, "you are not making a motion"; the State then joined defendant in moving for a continuance; the trial judge, the Honorable C. Andrew Hayton, denied the continuance, asked the State if it intended to refile, and denied its motion to nol-pros when the prosecutor responded he could not then determine if he would refile; the trial court then swore in the defendant and asked him his name and address; the trial court then found the defendant not guilty.

Appeal No. 81—1013. The defendant, Randy Bibbs, was charged by three uniform citation and complaint tickets with improper backing (Ill. Rev. Stat. 1981, ch. 95½, par. 11—1402), no valid registration (Ill. Rev. Stat. 1981, ch. 95½, par. 3—701), and driving while license suspended (Ill. Rev. Stat. 1981, ch. 95½, par. 6—303). After arraignment on October 22, 1981, the case was set for a bench trial on November 24, 1981. On that date defendant and his attorney, the public defender, appeared ready for trial; the State requested a continuance stating that an officer was notified but had not appeared; the trial judge, the Honorable C. Andrew Hayton, denied the motion for continuance; the State then moved to nol-pros which the court also denied; the court then swore in the defendant, asked him his name and address, and asked the State if it wished to ask any questions; the prosecutor then asked if defendant was driving an automobile on the date charged in the tickets; the trial court sustained an objection by defendant's counsel to the question; the court then found defendant not guilty.

Appeal No. 81—1015. The defendant, Michael J. Moore, was charged by complaint with assault (Ill. Rev. Stat. 1981, ch. 38, par. 12—1(a)). The defendant failed to appear for arraignment and was arrested. Thereafter the case was set for a bench trial on November 24, 1981. On that date the defendant appeared *pro se* for trial; the State requested a continuance and the prosecutor indicated she didn't know whether the witness was notified; the trial judge, the Honorable C. Andrew Hayton, denied the motion for continuance; the prosecutor moved to nol-pros, which was denied; the court swore in the defendant, asked him his name and address, and asked the State if it had any questions; the prosecutor asked no questions and the trial court found the defendant not guilty.

Appeal No. 81—1014. The defendant, Kenneth Goral, was charged by complaint with theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1)) not exceeding $150. The case was continued once on defendant's motion and thereafter set for a bench trial on November 24, 1981. On that date the defendant appeared *pro se* for trial; the State moved to nol-pros, stating its witnesses were not there; the trial judge, the Honorable C. Andrew Hayton, denied the motion, stating the motion to nol-pros was an attempt to circumvent his anticipated denial of a motion for continuance; the trial court swore in the defendant, asked him his name and address, and asked the prosecutor if she had any questions; the prosecutor objected to the proceedings being carried on and declined to ask any questions; the trial court found the defendant not guilty and further stated that this was a continuing course of con-

duct by the State's Attorneys office of Du Page County and that he had a right to control his court call.

Appeal No. 81—1018. The defendant, Joseph Strickland, was charged by three uniform traffic citation and complaint tickets with improper lane usage (Ill. Rev. Stat. 1981, ch. 95½, par. 11—708), illegal transportation of alcoholic liquor (Ill. Rev. Stat. 1981, ch. 95½, par. 11—502), and driving under the influence of intoxicating liquor (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)). The cases were set for a bench trial on September 29, 1981. The State filed its affidavit requesting a continuance, alleging therein that the State trooper would be on vacation on September 29. The cases were continued to November 24, 1981. On that date the defendant and his attorney appeared ready for trial; the prosecutor stated its witnesses were not present and he was not sure whether they were notified; the trial judge, the Honorable C. Andrew Hayton, stated he was denying the motion for continuance which, in fact, had not been requested; the prosecutor, instead, moved to nol-pros, which was denied by the court, who stated that the *nolle prosequi* was an attempt to circumvent his anticipated denial of a motion for continuance; the trial court swore in the defendant, asked him his name and address, and asked the prosecutor if he had any questions; the prosecutor objected to the proceedings and asked no questions; the trial court then found the defendant not guilty.

Appeal No. 81—1023. The defendant, Dennis C. Roggelin, was charged by complaint with criminal damage to property (Ill. Rev. Stat. 1981, ch. 38, par. 21—1(a)), resisting a peace officer (Ill. Rev. Stat. 1981, ch. 38, par. 31—1), and criminal trespass to land (Ill. Rev. Stat. 1981, ch. 38, par. 21—3(a)). On the date set for trial, November 24, 1981, the defendant appeared *pro se* ready for trial; the prosecutor indicated she had the same problem as in the other cases that the witnesses had not appeared and she could not say whether they were notified; the prosecutor then moved to nol-pros; the trial judge, the Honorable C. Andrew Hayton, denied the motion, noting this had occurred in over half of the cases on call that morning; the trial court then swore in the defendant, asked him his name and address, and then found him not guilty.

Appeal No. 81—1016. The defendant, Wesley A. Plohr, was charged by complaint with disorderly conduct (Ill. Rev. Stat. 1981, ch. 38, par. 26—1(a)(1)). The defendant failed to appear on more than one occasion each of which led to a bond forfeiture which was later vacated. Thereafter the case was set for trial for October 23, 1981. The State was granted a continuance from that trial date on its affidavit

that a material witness was under medical care and receiving radiation treatment. Trial was set for November 25, 1981. On that day the defendant and his attorney appeared ready for trial; the State presented an affidavit that the same witness was in the hospital and was unavailable; the trial judge, the Honorable C. Andrew Hayton, questioned the prosecutor concerning when the witness would be out of the hospital and then denied the motion for continuance; the State moved to nol-pros; the trial court denied the motion after the prosecutor refused to represent that it would not refile charges; the court stated the prosecutor was trying to circumvent his denial of the motion to continue; the trial court swore in the defendant, asked him his name and address, and asked if the State had any evidence to present; the prosecutor declined to proceed, and the trial court found the defendant not guilty.

Appeal No. 82—1. The defendant, Laura Foster, was charged by complaint with obstructing a peace officer (Ill. Rev. Stat. 1981, ch. 38, par. 31—1). On December 8, 1981, the date set for trial, the defendant appeared *pro se*; the State moved for a continuance and filed an affidavit representing that Officer LaPointe could not be in court because he would be in traffic court on that day; the trial judge, the Honorable John J. Nelligan, denied the motion, stating that the State did not make a sufficient showing of due diligence; the State moved to nol-pros which was never ruled upon; the trial court then swore in the defendant, asked her her name and address, and asked the prosecutor if he had any questions; after the prosecutor indicated he had no questions, the trial court found the defendant not guilty.

Appeal No. 82—26. The defendant, Paul L. Williams, was charged by complaints with theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)) not exceeding $150, unlawful use of weapons (Ill. Rev. Stat. 1981, ch. 38, par. 24—1(a)(1)), contributing to the delinquency of a child (Ill. Rev. Stat. 1981, ch. 23, par. 2361a), and improper use of registration (Ill. Rev. Stat. 1981, ch. 95½, par. 3—703). On the date set for trial, the defendant appeared *pro se* ready for trial; the prosecutor stated he notified the witnesses the night before but they were "unable to be here this morning"; the State requested a continuance; the trial judge, the Honorable C. Andrew Hayton, denied the motion for continuance; the prosecutor moved to nol-pros, indicating he did not know if he would refile charges; the trial court denied the motion and stated that this was an attempt to circumvent the denial of the motion for continuance; the trial court swore in the defendant, asked him his name and address, and asked the prosecutor if he had any questions; after the prosecutor indicated he had no questions, the trial

court found defendant not guilty.

Only two of the defendants, Bibbs and Strickland, have filed appellate briefs, and the defendant Verstat has filed a motion to dismiss the State's appeal. Nonetheless, we review all the cases under the guidelines prescribed in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The State maintains that the proceedings below which resulted in judgments of "acquittal" for all 11 defendants did not constitute trials, but were dismissals of the cases which the State may appeal pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604 (a)(1)). In the appellate briefs filed and in the motion to dismiss the State's appeal, the arguments are raised that the State's appeal of the cases is improper because: these are judgments of acquittals not appealable under the Illinois Constitution; the defendants are placed in double jeopardy by these appeals; and the appeals constitute prosecutorial vindictiveness. Initially, we must address these questions before proceeding to the merits of the appeals.

■■ Generally, the State may not appeal from a judgment of acquittal. (Ill. Const. 1970, art. VI, sec. 6; see also *People v. Van Cleve* (1982), 89 Ill. 2d 298, 432 N.E.2d 837; *People v. Pearson* (1973), 16 Ill. App. 3d 543, 549, 306 N.E.2d 539.) However, Supreme Court Rule 604(a)(1) provides that the State may appeal from a judgment "the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963." (87 Ill. 2d R. 604(a)(1).) This rule has been interpreted to allow the State to appeal from any judgment which has the substantive effect of a dismissal even if the ground for such dismissal is not contained in section 114—1. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244; *People v. Oswald* (1982), 106 Ill. App. 3d 645, 648-49, 435 N.E.2d 1369; *People v. Grimm* (1979), 74 Ill. App. 3d 514, 515-16, 392 N.E.2d 1138.) Further, the fact that the trial court denominates its action an "acquittal" is not controlling for the purposes of deciding whether the judgment is actually a nonappealable acquittal or merely an appealable dismissal. *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8; *People v. Edwards* (1981), 97 Ill. App. 3d 407, 422 N.E.2d 1117.

■ The "trials" conducted below were essentially the same in all 11 cases. Upon the trial court's denial of the State's motion for continuance which was requested in most of the cases, and its further denial of the State's motion to nol-pros in all 11 cases, the court on its own initiative swore in the defendant, asked several preliminary questions, and found the defendant not guilty without further evidence.

The State did not participate in any of the trials except as to the defendant Bibbs, wherein the prosecutor's attempt to question Bibbs was disallowed on objection by defense counsel. We conclude that the "trials" below in all 11 cases were shams. Each was an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution. (*People v. Deems* (1980), 81 Ill. 2d 384, 389, 410 N.E.2d 8; *People v. Edwards* (1981), 97 Ill. App. 3d 407, 411-12, 422 N.E.2d 1117.) As held in *Edwards*, the fact that a defendant testifies is not a sufficient distinction from the other similar circumstances in *Deems* to warrant a departure from the rationale of the court in *Deems*. There were no trials. The State did not attempt to convict the defendants and, therefore, the "acquittals" amounted to dismissals which are appealable by the State pursuant to Supreme Court Rule 604(a)(1).

While a double jeopardy argument is also advanced, we deem that contention under the facts here to have been sufficiently answered and rejected in both *Deems* and *Edwards* not to warrant further discussion herein.

Defendant Verstat also argues in her motion to dismiss the appeal that there is "ample evidence of the People's harassment of the trial court" and that the "dubious and unfounded appeals" here are in bad faith and constitute prosecutorial vindictiveness as recognized in *People v. Johnson* (1981), 102 Ill. App. 3d 1056, 430 N.E.2d 207. We fail to perceive the import of this argument as it applies to our decision in *Johnson*. The situation here involves State appeals, whereas *Johnson* and other cases considering prosecutorial vindictiveness analyze the prosecutor's actions upon a defendant's pursuit of his right to appeal to seek reversal and/or retrial. Also, *United States v. Jorn* (1971), 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547, cited by Verstat, has no relevance to the procedures here. *Jorn* involved a double jeopardy question upon a mistrial declared by the trial judge absent a motion for such by the defendant.

Accordingly, the State may appeal from the judgments entered below, and we deny the motion to dismiss the appeal.

Turning to the merits of these appeals, it is evident that the State seeks reversal on two bases. It maintains first that the denial of the State's motions for continuance was an abuse of discretion. The State additionally argues that the trial court abused its limited discretion when it denied the motions to nol-pros.

Generally, whether to grant or to deny a motion for continuance is within the sound discretion of the trial court, and the diligence shown by the movant is to be considered in weighing the exercise of discre-

tion. (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e); *People v. Williams* (1982), 92 Ill. 2d 109, 116, 440 N.E.2d 843.) The trial court's decision to grant or deny a continuance depends on the facts and circumstances existing at the time of the request (*People v. King* (1977), 66 Ill. 2d 551, 557, 363 N.E.2d 838), and its decision will not be disturbed on review absent a showing of a clear abuse of discretion. (*People v. Hayes* (1972), 52 Ill. 2d 170, 287 N.E.2d 465.) As to defendants, unless it appears that the court's refusal to grant a continuance embarrassed the accused in preparing his defense or prejudiced his rights, the conviction should be affirmed. (*People v. Trolia* (1982), 107 Ill. App. 3d 487, 498, 437 N.E.2d 804; *People v. Reyes* (1981), 102 Ill. App. 3d 820, 836, 429 N.E.2d 1277; see *People v. Lane* (1982), 106 Ill. App. 3d 793, 801, 436 N.E.2d 704.) In reviewing a denial of the State's motion for continuance, it has been held that an abuse occurred where it was the State's first request for a continuance and the missing witness was ill (*People v. Grimm* (1979), 74 Ill. App. 3d 514, 515, 392 N.E.2d 1138), and where it was the State's first request for a continuance, the police officer-witnesses were on furlough, and two codefendants had been granted five-day continuances. (*People v. Edwards* (1981), 97 Ill. App. 3d 407, 412, 422 N.E.2d 1117.) However, a trial court should deny continuances sought by the State where a defendant's right to a speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5) will be improperly obstructed. *People v. Brown* (1982), 92 Ill. 2d 248, 442 N.E.2d 136; *People v. Richards* (1980), 81 Ill. 2d 454, 410 N.E.2d 833.

In the case at bar, none of the defendants have claimed that the continuance, if granted, would have impeded their statutory or constitutional right to a speedy trial. None of the defendants were in custody nor had any of them demanded a speedy trial pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(b)). The charges against the defendants had been instituted in most cases no more than five months prior to the trial court's judgments of acquittal. Outside of the speedy trial provisions of the Code of Criminal Procedure of 1963, a motion for continuance is generally governed by section 114—4 (Ill. Rev. Stat. 1981, ch. 38, par. 114—4) and applicable case law.

The parties to these appeals have not cited or discussed an amendment to subsection (e) of 114—4 by Public Act 81—1166, effective July 1, 1980 (1979 Ill. Laws 4456), which added to subsection (e) the second and third sentences of the first paragraph and the entire second paragraph. Neither have we found an Illinois reviewing court

opinion which has considered the effect of this amendment. Section 114—4(e) provides:

"(e) All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant. Where 1 year has expired since the filing of an information or indictment, filed after January 1, 1980, if the court finds that the State has failed to use due diligence in bringing the case to trial, the court may, after a hearing had on the cause, on its own motion, dismiss the information or indictment. Any demand that the defendant had made for a speedy trial under Section 103—5 of this code shall not abate if the State files a new information or the grand jury reindicts in the cause.

After a hearing has been held upon the issue of the State's diligence and the court has found that the State has failed to use due diligence in pursuing the prosecution, the court may not dismiss the indictment or information without granting the State one more court date upon which to proceed. Such date shall be not less than 14 nor more than 30 days from the date of the court's finding. If the State is not prepared to proceed upon that date, the court shall dismiss the indictment or information, as provided in this section." (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e).)

By its terms, the amendment is applicable to an indictment (Ill. Rev. Stat. 1981, ch. 38, par. 102—11) and an information (Ill. Rev. Stat. 1981, ch. 38, par. 102—12), neither of which is present here since all the defendants were charged by complaint (Ill. Rev. Stat. 1981, ch. 38, par. 102—9) or by uniform traffic citation and complaint ticket. Nonetheless, while inapplicable here, the amendment does evince a legislative intent to address the issue of the State's due diligence in bringing a case to trial, and statutorily authorizes, for the first time, the dismissal of the indictment or information by the court for failure to comply with its term.

More relevant to the cases at hand is the first sentence of subsection (e) which provides that "[a]ll motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant." Thus, we examine the facts and circumstances existing at the time of the State's requests for continuances to determine whether there was an abuse of discretion in denying the State's motions for continuances in these cases. See *People v. King* (1977), 66 Ill. 2d 551, 557, 363 N.E.2d 838.

■ In appeals Nos. 81—919 (Verstat), 81—1016 (Plohr), and 82-1 (Foster), we believe the State's motions for continuances were reasonable requests, that due diligence was shown, and that the motions should have been granted. Each motion for continuance was based either upon the availability of a material witness who was charged in another case and would not testify until his case was completed (Verstat), the unavailability of a material witness who was in the hospital (Plohr), or the unavailability of a material witness who was in traffic court on the day set for trial (Foster). Section 114—4(c)(2) (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(c)(2)) provides that a motion for continuance made by the State more than 30 days after arraignment may be granted when "[a] material witness is unavailable and the prosecution will be prejudiced by the absence of his testimony * * *." We conclude that the trial court abused its discretion in each of these three cases under these circumstances when it denied the State's motion for a continuance. See *People v. Edwards* (1981), 97 Ill. App. 3d 407, 412, 422 N.E.2d 1117; *People v. Grimm* (1979), 74 Ill. App. 3d 514, 515, 392 N.E.2d 1138.

■ In appeals Nos. 81—1013 (Bibbs) and 82—26 (Williams), the basis for the State's requests for continuance was, as in the three cases above, the unavailability of a material witness. However, the State was unable to give a reason for the nonappearance of the witness (Bibbs), or was unable to secure a nonofficer witness notified by telephone (Williams). On the other hand, no prior continuance had been sought by the State, and the State affirmatively represented that the witnesses had been notified. The trial court should have granted continuances under these facts, and therefore, abused its discretion.

In appeals Nos. 81—975 (Ek), 81—1017 (Sitkowski), and 81—1015 (Moore), there is no indication in the record of a subpoena for the witnesses or a representation by the State that the witnesses were otherwise notified to appear for trial, and no reason was given by the State for a continuance other than that its witness was not there. Although this was the first request for a continuance by the State in the cases of Ek and Moore, and the second in the case of Sitkowski, there is no showing in the record of diligence on the part of the movant. (See Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e).) Thus, assuming it would not be an abuse of discretion to deny the State a continuance in these three cases, we still must determine whether the procedures used by the trial judge in conducting a "trial" which resulted in judgments of "acquittal" were improper under the circumstances presented.

There is no statutory authority to dismiss an indictment, informa-

tion or complaint on the basis of the failure of the State to proceed after the denial of its motion for continuance since that is not one of the grounds listed for dismissal in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—1). (*People v. Uplinger* (1976), 45 Ill. App. 3d 558, 560-61, 359 N.E.2d 1052, *aff'd* (1977), 69 Ill. 2d 181, 370 N.E.2d 1054.) It has also been held that the court on its own motion before trial cannot dismiss a charge for want of prosecution where the State fails to appear (*People v. Guido* (1973), 11 Ill. App. 3d 1067, 297 N.E.2d 18), or where a State motion for continuance joined by the defendant has been denied. (*People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97.) The amendment to subsection (e) of section 114—4, yet untested in any Illinois reviewing court and which purports to authorize a dismissal for the State's failure to use due diligence in bringing a case to trial, is inapplicable here since it applies to indictments and informations. Nor are the dismissals here based upon a denial of due process such as that discussed in *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

In *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8, our supreme court found that a "trial" conducted after the denial of a State motion for continuance was a "sham," an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution. In *Deems,* the prosecutor refused to participate in the "trial" and the trial judge found the defendant not guilty after swearing him in, but taking no testimony. The supreme court then stated that "[s]uch a 'trial' might conceivably be appropriate in extraordinary circumstances (*People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43; *People ex rel. Elliot v. Covelli* (1953), 415 Ill. 79) ***." (*People v. Deems* (1980), 81 Ill. 2d 384, 389, 410 N.E.2d 8.) However, no extraordinary circumstances are present here relevant to *Daniels* and *Elliott,* the cases cited in *Deems,* which justify the tactic employed by the trial judge in conducting a trial without the State's participation and over its objection.

Finally, a dismissal may be warranted where a continuance obtained by the State improperly obstructed a defendant's right to a speedy trial (*People v. Richards* (1980), 81 Ill. 2d 454, 459, 410 N.E.2d 833), or where the State did not bring the defendant to trial within the statutory time limits prescribed in section 103—5 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1981, ch. 38, par. 103—5.) Here, the defendants were on bond, no demand for speedy trial was made and, thus, this statute is not violated.

In an analogous situation, it has been held that, in the absence of statutory authority, dismissal of an indictment is not an appropriate

remedy for a violation of a defendant's right to a prompt preliminary hearing under article I, section 7, of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 7). *People v. Anderson* (1981), 92 Ill. App. 3d 849, 851, 416 N.E.2d 78; *People v. Farrell* (1980), 89 Ill. App. 3d 262, 263-64, 411 N.E.2d 927; *People v. Eisele* (1979), 77 Ill. App. 3d 766, 771, 396 N.E.2d 662.

■ Even without the authority to dismiss the complaints under these circumstances, the trial court is not powerless to control its docket. The court has contempt powers (see *People v. Guido* (1973), 11 Ill. App. 3d 1067, 1070, 297 N.E.2d 18), and the constitutional right to a speedy trial and the statutory enactments requiring a trial within a specified time preserve the court's interest in terminating cases in which the prosecutor has not acted. Also, the amendment to subsection (e) of section 114—4 by Public Act 81—1166, referred to above, now appears to give the court power to dismiss an information or indictment where the State has failed to use due diligence in pursuing prosecution. (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e).) Thus, although the court did not abuse its discretion in denying a continuance in the cases of Ek, Sitkowski, and Moore, the trial court was without authority to proceed to a "trial" as it did since the "trial" was, in effect, a dismissal which the court lacked the authority to order.

In the remaining three appeals, Nos. 81—1014 (Goral), 81—1018 (Strickland), and 81—1023 (Roggelin), the State did not request a continuance but, instead, moved to nol-pros. This tactical maneuver was obviously designed to circumvent an anticipated denial of its motion for continuance by the trial court had such a request been made. This expectation was not without some validity, as other State motions for continuance under similar circumstances had been denied by the same judge on previous days and on that same day.

The State argues on appeal that the "State's Attorney has nearly unfettered discretion in determining whether to commence prosecution or nol-pros unless his actions are 'vexatious or repetitious.' " As support for this contention the State cites *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951, wherein the appellate court stated that "[u]nless his actions are vexatious or repetitious, the State's Attorney has the absolute power to nolle pros a charge and if it is refused, a court may be compelled to enter an order of *nolle pros*. (*People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 47-48, 132 N.E.2d 507; *People ex rel. Elliott v. Covelli* (1953), 415 Ill. 79, 89-90, 112 N.E.2d 156.) The decision to nolle pros lies within the nearly unfettered discretion of the State's Attorney and could be used to ma-

nipulate proceedings in the same way as an SOL." 86 Ill. App. 3d 457, 467, 407 N.E.2d 951.

The nature of a *nolle prosequi* was explained in *People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265, as follows:

> " 'A *nolle prosequi* is not a final disposition of the case, and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution.' [Citation.] Again, it has been said that the ordinary effect of a *nolle prosequi* is to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense." (394 Ill. 177, 179, 68 N.E.2d 265.)

It has been recognized that a State motion to dismiss and a motion to nol-pros are equivalent. (*People v. Maher* (1979), 77 Ill. App. 3d 488, 490, 396 N.E.2d 77.) The supreme court cases have recognized a distinction between the Attorney General's power to nol-pros and that of the State's Attorney. The Attorney General has the absolute power to nol-pros at all stages of a criminal prosecution before the jury is empanelled or before trial of the case, except that the action cannot be capriciously or vexatiously repetitious. (*People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 47-48, 132 N.E.2d 507.) As discussed in *People ex rel. Elliott v. Covelli* (1953), 415 Ill. 79, 112 N.E.2d 156, the power to nol-pros in the Attorney General is derived from his powers at common law since neither under the constitution nor by specific statutory authority is such authority provided. (415 Ill. 79, 83-89, 112 N.E.2d 156.) On the other hand, the State's Attorney is a statutory, not a common law officer and therefore does not possess absolute and unlimited power to enter a *nolle prosequi*, but must obtain the consent and approval of the court. (*People ex rel. Hoyne v. Newcomer* (1918), 284 Ill. 315, 323-25, 120 N.E. 244.) While this distinction between the power of the Attorney General and the State's Attorney in *Newcomer* may have been, in part, predicated on the fact that a municipal judge of Chicago was then vested by law with discretion in the manner of prosecution of the particular offenses involved (*People ex rel. Kunstman v. Nagano* (1945), 389 Ill. 231, 249-50, 59 N.E.2d 96), reference in one subsequent supreme court case still states that the State's Attorney may not enter a *nolle prosequi* without the approval of the court. (*People v. Sears* (1971), 49 Ill. 2d 14, 29, 273 N.E.2d

380.) Our supreme court, however, has not further defined the bounds of the court's discretion in entertaining the State's Attorney's motion to nol-pros. More recent appellate court decisions either make no distinction in the court's discretion between requests for nol-pros by the Attorney General and the State's Attorney (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 467, 407 N.E.2d 951), or simply recognize that the consent and approval of the court is necessary before the State's Attorney may enter a *nolle prosequi* (*People v. Mooar* (1981), 92 Ill. App. 3d 852, 853, 416 N.E.2d 81; *People v. Rotramel* (1972), 5 Ill. App. 3d 196, 199, 282 N.E.2d 484), or state that the State's Attorney has broad discretion to nol-pros which the court is required to enter absent a clear abuse of discretion by the prosecutor. *People v. Baes* (1981), 94 Ill. App. 3d 741, 746, 419 N.E.2d 47.

■ We discern no practical reason why the standard of the discretion vested in the court to review a State's Attorney's request to nol-pros should not be governed by the determination of whether the State's Attorney's action is "capriciously or vexatiously repetitious." Sufficient safeguards for a defendant are contained in the speedy trial provisions of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5) and in the court's inherent authority to insure the defendant a fair trial. *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

Section 5(1) of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1981, ch. 14, par. 5(1)) gives the State's Attorney the duty "[t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal *** in which the people of the State or county may be concerned." Further support for the State's Attorney's authority to control the initiation and pursuance of a criminal prosecution can be gleaned from *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, wherein our supreme court recently reaffirmed that a trial judge cannot assume the role of the prosecutor and determine which criminal offense should be charged and then proceed to dispose of that offense over the State's objection.

It has been held that the statutory authority of the State's Attorney to prosecute impliedly confers authority to nol-pros when, in his judgment, the prosecution should not continue. (*Creek v. Clark* (1980), 91 Ill. App. 3d 429, 435, 414 N.E.2d 816 *rev'd on other grounds* (1981), 88 Ill. 2d 54, 429 N.E.2d 1199; *People v. Byrnes* (1975), 34 Ill. App. 3d 983, 986, 341 N.E.2d 729.) Were courts given any broader discretion than what we have determined above, the result would tend to restrict the statutory authority reposed in the State's Attorney. This conclusion does not render the court without power to control its

calendar since it still has inherent contempt powers for wilful violations of its orders.

██ Under the circumstances present here in the prosecutions against the defendants Goral, Strickland, and Roggelin, in which the trial court denied the State's requests to nol-pros, we find the court's actions improper since there is no showing that the prosecutions were capriciously or vexatiously repetitious. In fact, there is no indication in these three cases whether or not the prosecutor intended to refile charges later. The State may well determine later that a witness' failure to appear indicates a reluctance to testify which could influence a decision whether to refile charges. There is no record of harassment of any of the defendants by multiple continuances which might also suggest a prosecution in the nature of repetitious action to be deemed capricious or vexatious.

We are compelled to observe that the large number of cases occurring over such a short period of time with such a similar pattern of nonappearance of witnesses on the day of trial points to a serious administrative problem for which the State's Attorney of Du Page County must assume responsibility. Justifiably, the trial court here expressed concern over the repeated requests for continuances by the prosecutor due to the failure of witnesses to appear where the prosecutor could not offer, in most cases, an explanation why the witness did not appear or say whether the witness had been notified by the State to appear. Rescheduling trials has an obvious adverse effect on the prompt and efficient administration of justice and causes multiple appearances and unnecessary wasting of judicial, prosecutorial, and defense resources.

For the foregoing reasons, we reverse the judgments of "acquittal" in these 11 cases, and remand to the circuit court of Du Page County.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.