THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TOMMY LEE SUTTON, Defendant-Appellee.

Fourth District   No. 4—00—0719

Opinion filed January 24, 2002.—Rehearing denied March 5, 2002.

Richard J. Ringhausen, State's Attorney, of Jerseyville (Norbert J. Goet-

ten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

William S. Margulis, of Margulis, Grant & Margulis, P.C., of Clayton, Missouri, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In August 2000, the trial court granted defendant Tommy Lee Sutton's motion *in limine* precluding the introduction of evidence regarding any deoxyribonucleic acid (DNA) testing and results. The State filed an interlocutory appeal pursuant to Illinois Supreme Court Rule 604(a) (134 Ill. 2d R. 604(a)), arguing the trial court erred in (1) finding Supreme Court Rule 412 (134 Ill. 2d R. 412) required disclosure of notes and supporting documentation relative to DNA reports as part of mandatory disclosure, (2) finding Rule 412 made the State the responsible party to obtain a court order requiring the crime lab to disclose supporting documentation relative to DNA reports, and (3) suppressing DNA evidence as a sanction for a discovery violation. We reverse and remand.

## I. BACKGROUND

In July 1999, defendant was charged with attempt (first degree murder) and aggravated battery of Jerry Rulo. 720 ILCS 5/8—4(a), 9—1(a)(1), 12—4 (West 1998). In the same month, defendant's attorney filed a motion for discovery pursuant to Supreme Court Rules 412(a) and (c) (134 Ill. 2d Rs. 412(a), (c)), requesting:

"1. The names and addresses of persons whom the State intends to call as witnesses, together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements, and a list of memoranda reporting or summarizing statements and disclose [*sic*] of same to defense counsel, if found to be substantially verbatim reports of oral statements;

2. Any written or recorded statements and the substance of any oral statements made by the accused or by a co[ ]defendant and a list of witnesses to the making and acknowledgment of such statements;

3. Any reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and [of] scientific tests, experiments or comparisons;

4. Any books, papers, documents, photographs or tangible objects which the prosecuting attorney intends to use in the hearing or trial;

5. Any record of prior criminal convictions, which may be used

for impeachment of persons whom the State intends to call as witnesses [at] the hearing or trial;

6. Any material or information within its possession or control which intends [*sic*] to negate the guilt of the accused as to the offense charged."

Defense counsel also requested that blood found on the alleged weapon, a breaker bar, be tested for DNA. The State filed a petition for an order requiring defendant to submit to blood testing pursuant to Rule 413(a)(vii) (134 Ill. 2d R. 413(a)(vii)) and provided the results of the DNA testing to defendant in February 2000. The results indicated that the blood on the breaker bar belonged to the victim, Jerry Rulo, and not defendant.

In March 2000, new defense counsel, Mr. O'Gara and Mr. Stobbs, entered appearances and filed a motion for continuance. This was defendant's fifth continuance. In April 2000, new defense counsel filed a motion for pretrial discovery requesting essentially the same material and information sought in defendant's July 1999 motion for discovery. Specifically:

"1. A list of the names and known addresses of all witnesses the State intends to call at trial.

2. A copy of any written confession made by the [d]efendant together with a list of witnesses to its making and acknowledgment.

3. A list of witnesses to the making of any oral confession by the [d]efendant herein.

4. Any physical evidence relating to this case which is in the State's possession.

5. Any material or information known to the State which tends to negate the guilt of the [d]efendant as to the offense charged in the above entitled case or which would tend to reduce his punishment should he be convicted.

6. A list of the day, time, and place of the alleged incident."

The State provided new defense counsel with copies of all discovery materials provided in response to the discovery request of the previous defense counsel. Included in that original discovery was the DNA report from the Illinois State Police crime lab (crime lab), which identified the blood on the breaker bar as belonging to the victim. Over the next several months, the State filed nine more supplemental discovery answers. In the April 2000 supplemental response, the State listed Michael Brown of the Illinois State Police Metro East Forensic Lab as a potential witness. Brown prepared the DNA report. The record indicated that Brown was in training at the time of the DNA testing in January 2000. The record also reflected that on February 14, 2000, Brown signed the DNA report as a forensic scientist. Following one

more continuance, over the State's objection, the cause was set for trial by jury on August 14, 2000.

In July 2000, defendant filed his answer to the State's discovery request. The answer indicated that defendant's investigator met with crime lab witnesses, including Michael Brown. The record indicates that the investigator did not ask Brown any questions regarding the DNA report.

On July 17, 2000, defendant filed a motion for additional discovery of specific DNA information, requesting, in part:

"(2) Telephone logs, log sheets, work sheets or any other written memoranda produced by or for forensic laboratory technicians or any other expert or witness made in connection with tests, analysis, blood[-]alcohol tests/results or studies performed on any physical evidence sought to be used by the State in this cause.

(3) All maintenance records, operational manuals, records of diagnostic tests and services performed on any and all laboratory equipment, machines and instruments used to examine, analyze[,] or study any physical evidence in this cause.

(4) The names of tests performed by forensic laboratory technicians or any other expert or witness and the results thereof, together with the types of machines or other instruments used in the analysis of any and all physical evidence in this cause.

\*\*\*

(6) Any photographs or other depictions of isoelectic focusing plates used in the analysis of any blood, semen[,] or other fluids found at the crime scene in this cause as well as photos or other depictions of slides used to analyze hair or other fibers, as well as any scientific evidence used in the analysis of DNA.

\* \* \*

(8) Evidence showing the chain of custody for any exhibit the State intends to introduce [at] trial."

Defendant also requested access to all physical evidence for testing, measurement, observation, and/or analysis. On the same day the motion was filed, the State responded to defendant's discovery request stating the information requested was beyond the scope of mandatory discovery. On July 28, 2000, defendant filed a motion to compel discovery.

At the hearing on July 31, 2000, the State informed the trial court that the information sought was in the possession of the crime lab. The State further informed the trial court that the crime lab would not release the information to the State without a court order. The trial court granted defendant's motion to compel additional discovery and ordered the crime lab to release the information requested. The

court order granting the motion to compel noted there was no opposition from the State. The State received the information from the crime lab on August 7, 2000, and the defendant received it on August 8, 2000. On August 9, 2000, defendant filed a motion *in limine*, requesting suppression of all DNA evidence.

Following a hearing on August 14, 2000, the trial court granted defendant's motion *in limine*. The trial court found the mandatory disclosure provision of Rule 412 required the State to disclose to the defendant all supporting documentation relative to the DNA report and that Rule 412 further required the State to get the court order for release of the supporting documentation from the crime lab.

Later that same day, the trial court heard the State's motion to reconsider. The State argued that the defendant had been in possession of the DNA report since February 2000, and he had not exercised due diligence in securing the supporting documentation prior to trial. Finally, the State argued that it had not willfully violated any discovery rules; rather, there had been a question of interpretation as to what Rule 412(a)(iv) required. Therefore, the State asked for the trial court to grant a continuance to allow defendant's counsel time to review the evidence, rather than to exclude all DNA evidence.

The defendant argued he would be prejudiced because the State was forcing a continuance preventing his right to a fair and speedy trial and because the State would have the evidence retested by a scientist and not a trainee. The trial court denied the motion to reconsider. The State then filed a certificate of impairment and notice of interlocutory appeal. We reverse.

## II. ANALYSIS

The State argues the trial court erred when it granted defendant's motion *in limine*. Specifically, the State argues that the trial court erred in ruling that (1) the mandatory disclosure requirement of Rule 412 required the disclosure of supporting documentation relative to the DNA report, (2) the State was responsible for obtaining a court order requiring the crime lab to disclose supporting documentation relative to the DNA report, and (3) suppressing the DNA evidence rather than granting a continuance.

### A. Standard of Review

■ The State may take interlocutory appeal of a pretrial suppression order whenever the prosecutor certifies to the circuit court that the suppression substantially impairs the State's ability to prosecute the case. *People v. Ingram*, 316 Ill. App. 3d 319, 324, 736 N.E.2d 218, 223 (2000). The interpretation of a supreme court rule, like a statute, is a question of law that the appellate court reviews *de novo*. *People v. Drum*, 194 Ill. 2d 485, 488, 743 N.E.2d 44, 46 (2000).

### B. Disclosure Pursuant to Supreme Court Rule 412(a)(iv)

The State argues that the trial court erred in ruling the mandatory disclosure provisions of Rule 412 required the disclosure of supporting documentation relative to the DNA results. The State contends that the plain language of Rule 412(a)(iv) required the State to disclose only reports and results. Therefore, the State argues that the defendant's request for all supporting documentation relative to the DNA report was beyond the scope of mandatory disclosure.

■ Supreme Court Rule 412 addresses disclosures by the State to the accused and states, in part:

"(a) Except as is otherwise provided in these rules as to matters not subject to disclosure and protective orders, the State shall, upon written motion of defense counsel, disclose to defense counsel the following material and information within its possession or control:

\* \* \*

(iv) any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons, and a statement of qualifications of the expert." 134 Ill. 2d R. 412(a)(iv).

■ In interpreting a supreme court rule, the court should first look to the plain language of the rule and consider the rule in its logical context; if the rule is then ambiguous, the court may consider other sources, including committee comments, to ascertain the purpose of the rule. *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653, 657-58, 702 N.E.2d 167, 170 (1998).

■ The plain language of Rule 412(a)(iv) states that reports made in connection with a case, including results of examinations, tests, experiments, or comparisons, are to be disclosed to the defendant upon written motion by same. Rule 412(a)(iv) cannot be read to include telephone logs, log sheets, work sheets, or any other written memoranda. While we need not look beyond the plain language of Rule 412(a)(iv), we note that the committee comments clearly address the production of only reports or results. See 134 Ill. 2d R. 412(a)(iv), Committee Comments.

■ The State provided original defense counsel with a copy of the DNA report when it was completed in February 2000. In addition, defendant acknowledged that he received another copy of the DNA report in April 2000 when the State provided copies to new defense counsel of all previously disclosed materials. Thus, by producing the DNA report promptly at the point of completion and when defendant retained new counsel, the State complied with the mandatory

disclosure requirements of Rule 412(a)(iv), and the failure to produce the supporting documentation was not a violation of the rule.

## C. Specific Discovery Requests and Discretionary Disclosure Pursuant to Supreme Court Rules 412(g) and (h)

■ In addition to requirements for mandatory disclosure, Rule 412 allows a defendant to make specific requests for additional disclosure of relevant information and for the trial court to order, upon a showing of materiality, such discretionary disclosures. Rule 412(g) states:

"Upon defense counsel's request and designation of material or information which would be discoverable if in the possession or control of the State, and which is in the possession or control of other governmental personnel, the State shall use diligent good-faith efforts to cause such material to be made available to defense counsel; and if the State's efforts are unsuccessful and such material or other governmental personnel are subject to the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel." 134 Ill. 2d R. 412(g).

Rule 412(h) provides:

"Upon a showing of materiality to the preparation of the defense, and if the request is reasonable, the court, in its discretion, may require disclosure to defense counsel of relevant material and information not covered by this rule." 134 Ill. 2d R. 412(h).

Since mandatory disclosures pursuant to Rule 412(a)(iv) do not include the notes, work sheets, and all supporting documentation relative to the DNA results, the State was not required to disclose such material until the defendant made a specific request for same and until the trial court ordered such disclosure pursuant to Rule 412(h). In July 2000, defendant made a specific request for the supporting documentation relative to the DNA report, and the trial court ordered the discovery pursuant to its discretionary authority under Rule 412(h) on July 31, 2000. On August 7, 2000, the State received the information from the crime lab, and on August 8, 2000, defendant received the information. Therefore, the State fulfilled its obligation to disclose this additional information once specifically requested and court ordered pursuant to Rule 412(h).

## D. State's Responsibility Pursuant to Supreme Court Rule 412(f)

Defendant argues that at the point he requested the supporting documentation for the DNA report, the State was required to get the court order for its release from the crime lab pursuant to Supreme Court Rule 412(f) (134 Ill. 2d R. 412(f)) and *Kyles v. Whitley*, 514 U.S. 419, 437, 131 L. Ed. 2d 490, 508, 115 S. Ct. 1555, 1567 (1995). The

State acknowledged that Rule 412(f) placed upon it the responsibility of ensuring information flows between itself and investigative personnel within its possession or control. The State further acknowledged that the officers and personnel of the crime lab were "other governmental personnel" within the meaning of Rule 412(g) (134 Ill. 2d R. 412(g)). See *People v. Curtis*, 48 Ill. App. 3d 375, 383, 362 N.E.2d 1319, 1325 (1977). However, the State argues that since the supporting documentation for the DNA report was beyond the scope of mandatory disclosure pursuant to Rule 412(a)(iv), the material was not discoverable in response to a general discovery request. Therefore, the State argues that it was the defendant's obligation to follow up on the State's production of the DNA report in February and April 2000 with a specific request for the supporting documentation.

■ Supreme Court Rule 412(f) provides:

"The State should ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offense charged." 134 Ill. 2d R. 412(f).

The committee comments to Rule 412(f) state:

"Paragraph (f) is designed to deal with the problem of the extent to which the State can be expected to *know* of the existence of material or information which it is obligated to disclose. In discharging its duties it should *know, or seek to know*, of the existence of material or information at least equal to that which it should disclose to defense counsel." (Emphasis added.) 134 Ill. 2d R. 412(f), Committee Comments, at 349.

Based upon a reading of the rule and the committee comments, the State's role pursuant to Rule 412(f) is to know of the information and facilitate the flow of it, not to monitor and control it. See *People ex rel. Fisher v. Carey*, 64 Ill. App. 3d 239, 242, 380 N.E.2d 1150, 1152 (1978), *aff'd in part & rev'd in part on other grounds*, 77 Ill. 2d 259, 396 N.E.2d 17 (1979). In fact, this is also a position consistent with *Kyles*.

In *Kyles*, the State failed to turn over to defendant mandatory disclosure information required under Rule 412(c) (information which tends to negate the guilt of the accused), and the defendant was unaware of its existence. In discussing the prosecutor's responsibility for the failure to disclose, the United States Supreme Court said:

"[The] prosecutor has a *duty to learn* of any favorable evidence known to the others acting on the government's behalf in the case \*\*\*. \*\*\* [T]he prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." (Emphasis added.) *Kyles*, 514 U.S. at 437-38, 131 L. Ed. 2d at 508, 115 S. Ct. at 1567-68.

Unlike *Kyles*, here the failure to fulfill requirements of *mandatory* disclosure is not at issue, and there was no lack of knowledge as to the existence of the information sought by the defendant.

■ The State fulfilled its duty under Rule 412(f) and *Kyles* when it disclosed the DNA report in February and April 2000. The DNA report was the only information in the crime lab's possession that was subject to mandatory disclosure pursuant to Rule 412(a). Moreover, the State did not act to impede the flow of information from the crime lab to the State or defendant. The defendant was aware of the existence of the supporting documentation relative to the DNA report and could have specifically requested it at any time. The defendant acknowledged his awareness that the supporting documentation existed at the hearing on the motion *in limine*. Defense counsel stated that they were looking through the discovery materials in June 2000 and wondering why they still had not seen the crime lab notes and other supporting documentation on the DNA.

Finally, the State was not required to obtain a subpoena for the release of the supporting documentation. Rule 412(h) is clear that in a request for nonmandatory discovery, it is the defendant's responsibility to establish the reasonableness, relevance, and materiality of the information sought. After such a showing by the defense, the court may require such discretionary disclosure. In this case, the defendant established the materiality of the requested evidence, the court ordered its production, and the information was provided to the defendant within days following the Rule 412(h) order by the trial court. It is not the State's burden to come forward and establish the materiality of discretionary evidence and to subpoena the trial court for the release of it for the defense.

### E. Denial of Motion for Continuance

At the hearing on the State's motion to reconsider the trial court's grant of defendant's motion *in limine*, the State asked the court to grant a continuance to allow the defendant time to review the complete DNA documentation, rather than excluding all DNA evidence. In objecting to the State's request for a continuance, the defendant argued a continuance would prejudice him by delaying his right to a speedy trial and because the State would have the DNA tested by another forensic scientist since Michael Brown was a trainee when the testing was done.

■ When reviewing the denial of a continuance, this court must decide whether the trial court abused its discretion in ruling on the requested continuance. *People v. Grimm*, 74 Ill. App. 3d 514, 516, 392 N.E.2d 1138, 1140 (1979). A continuance is the preferred sanction if

the granting thereof would be effective to protect the defendant from surprise or prejudice. *People v. Aguilar*, 218 Ill. App. 3d 1, 9-10, 578 N.E.2d 109, 115 (1991). Exclusion of evidence is a last resort, demanded only where a recess or a continuance would be ineffective. *People v. Nelson*, 92 Ill. App. 3d 35, 45, 415 N.E.2d 688, 696 (1980).

In this case, the trial court should have granted the State's motion for continuance. Defendant claimed that he was surprised to learn of Michael Brown's status as a trainee at the time of the DNA testing. This information was disclosed to defendant for the first time as part of the supporting documentation on August 8, 2000. Defendant further asserts that he has been prejudiced by delaying his right to a speedy trial.

In response, the State argues that defendant's three motions for discovery and the motion to compel never requested the qualifications of the State's experts. The State further argues that it was not required to disclose evidentiary weaknesses in its case. In accordance with Rule 412(a)(i), the State must disclose, upon written request of the defendant, the names and addresses of the State's witnesses, including their relevant written or recorded statements, memoranda containing verbatim reports of their oral statements, and a list of memoranda reporting or summarizing their oral statements. 134 Ill. 2d R. 412(a)(i). Rule 412(a)(iv) requires, upon written request by the defendant, a statement of qualifications of the expert. 134 Ill. 2d R. 412(a)(iv).

A review of the record reveals that the State did disclose the names and addresses, including statements, *et cetera*, of its expert witnesses, and defendant did not request a statement of qualifications for the State's expert witnesses. Further, we agree with the State that Rule 412 does not require the disclosure of evidentiary weaknesses. *People v. Davis*, 106 Ill. App. 3d 260, 262, 435 N.E.2d 838, 841 (1982). Therefore, the State cannot be held accountable for any surprise of defendant when this information was learned on August 8, 2000.

Defendant also argues on appeal that the supporting documentation relative to the DNA report was material to the preparation of defendant's case. Since the information was properly disclosed only after court order, defendant would have had to seek another continuance to prepare a defense to the DNA evidence. Defendant, by appellee brief at 5, appears to concede this point, stating that should we find the State properly tendered the information, then defendant would need "*time* for procedures and methodology to be reviewed and questioned and *time* to obtain an expert witness to refute any inaccuracies in either the DNA testing [or] the conclusions drawn therefrom." (Emphasis added.)

Defendant here secured a court order for the supporting documentation to the DNA report 14 days before the trial was set to begin. The State complied with the order and responded timely. There was no bad faith on the part of the State, and the State did not object to the trial court's granting of the motion to compel. Since we find that the State violated no discovery requirements, it was timely in responding to the court's order compelling additional discovery, and a continuance will not prejudice defendant, the trial court erred in not granting the continuance.

F. Rule Amendment Regarding Discovery of DNA Evidence

■ Effective March 1, 2001, subsequent to the filing of this appeal, the supreme court rules were amended to require greater disclosure of DNA evidence. New Rule 417 requires disclosure of all relevant materials relating to DNA, and specifically included in the list of such materials are "all reports, memoranda, notes, phone logs, contamination records, and data relating to the testing performed in the case." 188 Ill. 2d R. 417(b)(i) (effective March 1, 2001, except when in the opinion of the trial, appellate, or supreme court, the application of the new rule is not feasible in a particular case pending at the time the rule becomes effective, would not be feasible, or would work an injustice, in which case the former procedures apply). There are additional requirements for disclosure of quality control guidelines, procedure manuals, protocols, quality assurance guidelines, and other similar materials. We note that new Rule 417 covers disclosure of the items defendant sought in his motion for additional discovery.

The rules of statutory construction apply to supreme court rules. 134 Ill. 2d R. 2. An amendment gives rise to a presumption that the amendment was intended to change the law. *Garibaldi v. Applebaum*, 194 Ill. 2d 438, 451, 742 N.E.2d 279, 286 (2000). Every amendment is presumed to have a purpose, and a court must consider the language of the amendment in light of the need for it and the purpose it serves. *People v. Allen*, 313 Ill. App. 3d 842, 846, 730 N.E.2d 1216, 1220 (2000).

The committee comments to Rule 417 state the purpose of the rule is to require standardized disclosures and to make the requirements for those disclosures less burdensome for laboratory personnel. 188 Ill. 2d R. 417, Committee Comments. The supreme court appears to have enacted this new rule to alleviate some of the difficulties both the State and defendant experienced in this case. The supporting documentation to DNA results is now included in mandatory disclosure by the proponent of such evidence, and therefore a specific request for same is no longer required. Further, the laboratory must now provide this information pursuant to this rule, alleviating the need to obtain a court order for same.

Finally, Rule 417 provides that it is effective immediately, except when "the application of the new rule in a particular case pending at the time the rule becomes effective would not be feasible or would work an injustice, in which case former procedures would apply." 188 Ill. 2d R. 417. We find that, given the discovery rules as they existed prior to the enactment of Rule 417, the State took the only position it had in regard to the supporting documentation. Further, the trial court later ordered production of the materials defendant requested, and defendant has received those materials. It would, therefore, be prejudicial to apply the new rule to affirm the ruling against the State here.

## III. CONCLUSION

For the reasons stated above, we reverse the trial court and remand.

Reversed and remanded.

KNECHT and STEIGMANN, JJ., concur.