2023 IL App (1st) 200322-U

No. 1-20-0322

Order filed February 1, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 CR 17663 |
| | ) | |
| DARYL RUSSELL, | ) | Honorable |
| | ) | Pamela M. Leeming, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1  *Held*: We affirm defendant's conviction for aggravated robbery where the State did not commit a discovery violation when it failed to disclose to the defense that, during trial preparation, the victim told an assistant State's Attorney that she spontaneously identified defendant to the responding police officers. We also find that defense counsel did not provide ineffective assistance by failing to object at trial to the victim's testimony that she spontaneously identified defendant.

¶ 2  Following a bench trial, the trial court found defendant Daryl Russell guilty of aggravated robbery and sentenced him to six years' imprisonment. On appeal, defendant contends that he is

entitled to a new trial where the State failed to disclose that, during trial preparation, the victim told an assistant State's Attorney that she spontaneously identified defendant to the responding police officers. Defendant argues that the State's failure to disclose this detail constituted a discovery violation that prejudiced the defense. For the reasons that follow, we affirm defendant's conviction.

¶ 3                                 I. BACKGROUND

¶ 4       In December 2018, a grand jury indicted defendant with two counts of armed robbery (Counts 1 and 2) and one count of aggravated robbery (Count 3). Count 3 is the only count relevant to this appeal, and that count alleged that defendant committed an aggravated robbery by knowingly taking money from the person or presence of Carolyn Steele by the use of force or by threatening the imminent use of force while indicating that he was armed with a firearm. Later that month, defendant, through his public defender, filed a motion for discovery. Among the information and materials defendant sought to discover were:

> "[a] list of witnesses, or persons whom the prosecution may or may not call as witnesses, and their addresses and phone numbers, including production of the following:
>
> > (a) Any written or recorded statements by these witnesses, including those written or recorded statements of police officers in any State however recorded.
> >
> > (b) Any memoranda reporting or summarizing oral statements by such witnesses.
>
> * * *

(o) Field notes, or other contemporaneous recordings of any State's witness, taken by any and all law enforcement officials and the prosecutor's office of any state, whether or not superseded by subsequent summaries, compilations, or narratives."

Defendant also requested "the names and addresses of the witnesses [the State] intends to call at the time of trial for identification of the defendant as the perpetrator of the crime including *** [the] [t]ime, date and place of identification." Finally, defendant made a catch-all request of "[a]ny and all evidence whether or not specifically requested or described which may be, or could foreseeably become exculpatory, mitigating, or otherwise material to guilt or innocence, or favorable to the defense."

¶ 5    In the State's initial answer to discovery, the State asserted that it "may call as witnesses any person named in the police reports, transcripts, medical reports, and other documents attached to and incorporated as part of this answer." Additionally, the State noted that "[s]tatements of persons [the] State may call as witnesses *** and identification procedure are in above said documents." However, those documents were not included in the record on appeal. Throughout the next several months, the State continued to tender various discovery to defendant, including a supplemental disclosure summarizing a conversation between an assistant State's Attorney and the two Forest Park police officers who had responded to the 911 call about the robbery in the instant case. That summary stated that, upon arrival at the scene, the two officers observed defendant engaged in a verbal altercation with an unknown individual. After separating the individuals, one of the officers noticed that defendant matched the description of the offender involved in the robbery. The officers placed defendant under arrest, and after two positive identifications of him by witnesses, other officers transported him to the police station.

¶ 6    Ultimately, in January 2020, defendant's case proceeded to trial. On the date of his trial, the State nol-prossed both armed robbery counts (Counts 1 and 2), resulting in the State proceeding only on the aggravated robbery charge (Count 3), a Class 1 felony. Additionally, before trial, the State noted that it had offered defendant a plea deal of four years' imprisonment on a reduced charge of theft from person, a Class 3 felony, which would be served at 50%. However, according to the State, defendant declined the plea offer. On the State's request, the trial court admonished defendant pursuant to *People v. Curry*, 178 Ill. 2d 509 (1997), regarding the plea offer that it had extended to him. Defendant confirmed that it was his intention to reject the plea offer and proceed to a trial. Thereafter, defendant waived his right to a jury trial and elected to have a bench trial.

¶ 7    In the State's opening statement, it asserted that its two witnesses would testify to defendant going person-to-person on a Chicago Transit Authority Blue Line train demanding money while indicating that he was armed with a firearm. Further, the State posited that one of its witnesses, Steele, would testify that she succumbed to defendant's threats and gave him money. The State asserted that its evidence would prove defendant committed the offense of aggravated robbery. In the defense's opening statement, defense counsel contended this was a case of misidentification and the witnesses' identification of defendant were made under stressful circumstances, including only a brief period of time to observe the offender. Additionally, defense counsel remarked that the police "performed a suggestive show-up identification" that led to defendant's arrest. All told, defense counsel stated that, because the State's identification evidence was weak, the trial court should find defendant not guilty.

¶ 8    The evidence at trial showed that, in the evening of November 23, 2018, Steele was riding the Chicago Transit Authority's Blue Line from O'Hare International Airport. While sitting on the train car, she heard a commotion behind her and turned around to see what was happening. Steele

observed a man demanding money from another man. The train car was lit brightly, and she had an unobstructed view of the altercation. At trial, she identified the man demanding money as defendant. The other man told defendant he did not have any money, which resulted in defendant approaching Steele, yelling in her face and demanding money. Defendant was so close to Steele that his spit landed on her face. While demanding money from Steele, defendant had his hand inside his jacket pocket and told her "[w]hat if I have a gun?" After his demand, Steele gave defendant all the cash she had in her wallet at the time, which she believed was around $5 or $10.

¶ 9 Garrett Jones was also on that train car and observed Steele as well as a man being loud, aggressive and "accosting" passengers for money. When Jones first observed the man, he was about 10 to 15 feet away. According to Jones, the train car was well lit, and he had an unobstructed view of the man. At trial, he identified the man demanding money as defendant. Jones observed defendant demand money from someone on the train while saying "[w]hat do you have? Don't make me pull it out." At trial, Jones admitted that he did not know exactly what defendant was referring to when he made this remark. Jones further observed defendant accost another passenger. Defendant eventually passed Jones on the train, but merely looked at Jones and did not demand any money.

¶ 10 Both Steele and Jones observed defendant continue to demand money from other passengers before exiting the train car by boarding a connected train car. As defendant was leaving her train car, Steele called the police. At the subsequent Harlem Blue Line stop, Jones exited the train, left the train station and began waiting for a bus. While waiting, an Oak Park police officer arrived and asked Jones if he witnessed what happened on the train. After answering affirmatively, Jones went with the police officer.

¶ 11 Meanwhile, Steele stayed on the train past the Harlem stop and then exited the train at the Forest Park train station. While Steele waited in the concourse area for the police, she again observed defendant, who began to "badger[ ]" a Chicago Transit Authority employee. Soon after, two Forest Park police officers arrived at the train station. Steele "pointed at" defendant, and the officers arrested him. Later, while still at the train station, Steele spoke to an Oak Park police officer and identified defendant as the individual who took her money. Around this time, Jones arrived at the Forest Park Blue Line station with the police officer. Jones also identified defendant as the man demanding money on the train. At trial, Jones testified that he had "[n]o doubt" the police had arrested the same man he had seen on the train accosting passengers.

¶ 12 After the State rested its case, the defense decided not to present any of its own evidence. Following the parties' closing arguments, the trial court found that both Steele and Jones testified credibly and both had a sufficient opportunity to observe defendant on the day in question. The court highlighted that, when the Forest Park police officers arrived at the train station, Steele spontaneously pointed them to defendant, which "was independent of any prompting by the police." As a result, the court found defendant guilty of aggravated robbery.

¶ 13 Thereafter, defendant filed a motion for a new trial based, in relevant part, on the State's failure to disclose that Steele spontaneously identified defendant as the robbery offender to the responding Forest Park police officers in violation of Illinois Supreme Court Rule 412 (eff. Mar. 1, 2001). Defendant highlighted the State's supplemental answer to discovery, wherein the State summarized a conversation between an assistant State's Attorney and the two Forest Park police officers who had responded to the 911 call about the robbery. Defendant, however, posited that the summary did not include any statement that Steele spontaneously identified defendant as the offender to the responding officers. Defendant asserted that he was prejudiced by the State's failure

to disclose because he was not fully apprised of material aspects of the State's evidence against him prior to rejecting the plea offer, deciding to go to trial and waiving his right to a jury trial. Additionally, defendant posited that had the defense known of this statement, his defense counsel would not have stated during opening statements that the show-up identification was suggestive.

¶ 14     In response, during oral argument on the motion, an assistant State's Attorney acknowledged that Steele made "that statement to me in prep." Despite this acknowledgment, the State argued that it did not violate Rule 412 because the statement by Steele was never memorialized. Regardless, the State posited that, because it had produced Steele's name and contact information to the defense, it could have interviewed her and obtained her account of spontaneously identifying defendant to the responding officers. Moreover, the State observed that defense counsel had the opportunity to cross-examine Steele about her spontaneous identification. Given this, assuming *arguendo* that the State had committed a discovery violation, it argued that defendant was not prejudiced.

¶ 15     In ruling on defendant's motion, the trial court concluded that the State was not required to disclose to the defense Steele's statement in trial preparation that she spontaneously identified defendant because that oral statement had not been memorialized. However, because the court acknowledged relying, in part, on Steele's spontaneous identification of defendant in finding him guilty, the court asserted that there was still sufficient evidence to convict him beyond Steele's spontaneous identification. Consequently, the court denied defendant's motion for a new trial. After denying his motion, the court sentenced defendant to six years' imprisonment.

¶ 16     This appeal followed.

¶ 17                                             II. ANALYSIS

¶ 18    Defendant contends that he is entitled to a new trial where the State's failure to disclose Steele's spontaneous identification of him, of which the State was aware in advance of trial, constituted a discovery violation that prejudiced him. Defendant posits that the disclosure was mandated by Illinois Supreme Court Rule 412 (eff. Mar. 1, 2001) as well as by the defense's pretrial discovery request.

¶ 19    As an initial matter, the State posits that defendant forfeited review of his claim of error by failing to object during trial to Steele's testimony that she spontaneously identified defendant to the responding police officers. "To preserve a purported error for appellate review, a defendant must object to the error at trial and raise the error in a posttrial motion." *People v. Williams*, 2022 IL 126918, ¶ 48. In his reply brief, defendant concedes that he did not object to Steele's testimony at trial but argues that we may review the alleged error under the plain-error doctrine. Illinois Supreme Court Rule 615(a) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). Although defendant first raised plain-error review in his reply brief, that is sufficient to allow us to review the issue under the plain-error doctrine. *People v. Ramsey*, 239 Ill. 2d 342, 412 (2010).

¶ 20    The plain-error doctrine applies when a clear or obvious error has occurred, and either (1) the evidence was so closely balanced that the error alone threatened to tip the scales of justice against the defendant or (2) the error was so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process. *People v. Clark*, 2016 IL 118845, ¶ 42. Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). Because the plain-error doctrine initially requires a clear and obvious error to have occurred, our first step is to determine whether there was actually an

error. *Williams*, 2022 IL 126918, ¶ 49. Therefore, we must determine whether the State committed a discovery violation, which we review *de novo* given the facts are not in dispute. *People v. Lovejoy*, 235 Ill. 2d 97, 118 (2009).

¶ 21 In criminal cases, the "[d]iscovery rules are intended to protect the accused against surprise, unfairness, and inadequate preparation." *Id.*; see also *People v. Boclair*, 119 Ill. 2d 368, 373 (1987) ("The goals of pretrial discovery in a criminal trial are to promote the search for truth and to eliminate surprise as a trial tactic."). Illinois Supreme Court Rule 412(a) (eff. Mar. 1, 2001) provides the required disclosures of material and information within the State's possession or control to the defendant when so requested. In arguing that the State failed to comply with the discovery rules, defendant initially posits that the State failed to follow Rule 412(a)(i).

¶ 22 Under Rule 412(a)(i), the State must disclose "the names and last known addresses of persons whom the State intends to call as witnesses, together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements, and a list of memoranda reporting or summarizing their oral statements." Ill. S. Ct. R. 412(a)(i) (eff. Mar. 1, 2001). Rule 412(a)(i) expands upon the disclosures required by section 114-9(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-9(a) (West 2018)), which merely requires "the State to furnish the defense with a list of prosecution witnesses and their last known addresses" on the defense's motion. See Ill. S. Ct. R. 412(a), Committee Comments (adopted Oct. 1, 1971). Additionally, under Rule 415(b), the State has a continuing duty to disclose "additional material or information which is subject to disclosure" when it becomes aware of such information. Ill. S. Ct. R. 415(b) (eff. Oct. 23, 2020); see also *People v. Hendricks*, 325 Ill. App. 3d 1097, 1103 (2001) ("The duty of the State to disclose under Rule 412 is a continuing one, requiring prompt

notification to the defendant of the discovery of any additional material or information, up to and during trial.").

¶ 23    Illustrative of Rule 412(a)(i)'s requirements is *People v. Mahaffey*, 128 Ill. 2d 388, 393 (1989), where codefendants were charged with, *inter alia*, murder and attempted murder. The State's various evidence at trial included an 11-year-old surviving victim's in-court identification of both codefendants. *Id.* at 397. Ultimately, a jury found both codefendants guilty of murder and attempted murder, among other offenses. *Id.* at 404. On appeal, one of the codefendants contended that the trial court erred in admitting the 11-year-old's in-court identification of him where the defense did not receive any discovery from the State indicating that someone would be able to identify him as one of the perpetrators of the crimes. *Id.* at 417. In support, the codefendant asserted that, a month before trial, the 11-year-old had a conversation with an assistant State's Attorney where he told the assistant State's Attorney that "he was '99 per cent [*sic*] sure' he could identify [the codefendants] as the perpetrators." *Id.* at 417-18. The codefendant argued that the State was required to disclose this oral statement. *Id.* at 418.

¶ 24    In analyzing the codefendant's claim of error, our supreme court reviewed the language of Illinois Supreme Court Rule 412(a)(i) (eff. Mar. 1, 2001). *Mahaffey*, 128 Ill. 2d at 418. Based on the rule's language, the court concluded it was "clear that the State is required to disclose a witness' oral statements only if they are in 'memoranda containing substantially verbatim reports of their oral statements.' " *Id.* (quoting 107 Ill. 2d R. 412(a)(i)). The court highlighted that both the State and the codefendant agreed that the 11-year-old's statement had never been memorialized, and therefore, it appeared the State had not committed a discovery violation. *Id.* The court added that caveat because the codefendant argued there was an exception to this rule when the State acted in bad faith, or in other words, where the State intentionally did not memorialize a statement to

prevent disclosure of that information to the defense. *Id.* The court agreed a bad-faith exception existed, but found there was no evidence the State acted in bad faith in the case before it. *Id.* at 418-19. As such, our supreme court found that the State did not violate Rule 412(a)(i). *Id.* at 419.

¶ 25    Consistent with *Mahaffey*, this court has asserted that, under Rule 412(a)(i), "[i]f a statement is never memorialized, it need never be disclosed to defense counsel, absent bad faith on the State's part." *People v. Williams*, 262 Ill. App. 3d 808, 823-24 (1994); see also *People v. Fomond*, 273 Ill. App. 3d 1053, 1060 (1995) ("Under Rule 412[(a)](i), the State need disclose a witness' oral statement only if that statement has been reduced to writing."). As to what constitutes bad faith on the part of the State, our supreme court and this court have found as such in various instances. For example, in *People v. Szabo*, 94 Ill. 2d 327, 343, 349 (1983), there was evidence that the State deliberately destroyed notes from 20 interviews with its key witness. And as a result, the supreme court vacated a defendant's convictions and remanded for further proceedings. *Id.* at 350. Similarly, in *People v. DeStefano*, 30 Ill. App. 3d 935, 943 (1975), this court reversed a defendant's conviction for murder and granted him a new trial where the chief criminal assistant State's Attorney in Cook County "admitted he ordered the agents of the [Illinois Bureau of Investigation] and [other] assistant State's Attorneys to refrain from making any memoranda or memorialization of the statements made by" the defendant's alleged accomplice, who had been given immunity from prosecution.

¶ 26    In the instant case, an assistant State's Attorney admitted that, during trial preparation, Steele stated that she spontaneously identified defendant to the responding police officers. The assistant State's Attorney further admitted that Steele's oral statement of this detail was never memorialized. In turn, the State concedes that, despite knowledge of Steele's statement, it never disclosed the statement to the defense. However, because Steele's oral statement to the assistant

State's Attorney was never memorialized, the State was not required to disclose the statement under Rule 412(a)(i). See *Mahaffey*, 128 Ill. 2d at 418; *Fomond*, 273 Ill. App. 3d at 1060; *Williams*, 262 Ill. App. 3d at 823-24. As noted, despite not being obligated to disclose Steele's oral statement, the State will nevertheless commit a discovery violation if its failure to do was due to bad faith. See *Mahaffey*, 128 Ill. 2d at 418-19. However, in this case, defendant has failed to point to any evidence that the State acted in bad faith when it failed to memorialize Steele's oral statement that she spontaneously identified defendant to the responding police officers. During oral argument on defendant's posttrial motion, the assistant State's Attorney merely acknowledged failing to memorialize Steele's oral statement, but did not explain why she failed to do so. As our supreme court asserted in *Mahaffey*, "[w]e will not presume lightly bad faith on the part of the State." *Id.* at 419. And given the lack of evidence of bad faith in the record, we cannot assume as much. Consequently, the State did not commit a discovery violation under Rule 412(a)(i).

¶ 27    Defendant next argues that, under Illinois Supreme Court Rule 412(g) (eff. Mar. 1, 2001), the State should have disclosed Steele's oral statement. Rule 412(g) provides that:

> "Upon defense counsel's request and designation of material or information which would be discoverable if in the possession or control of the State, and which is in the possession or control of other governmental personnel, the State shall use diligent good-faith efforts to cause such material to be made available to defense counsel; and if the State's efforts are unsuccessful and such material or other governmental personnel are subject to the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel." *Id.*

According to defendant, this provision applies to statements made to other governmental personnel that have not been memorialized, but which are known to the State.

¶ 28    Rule 412(g) is a provision intended to ensure the proper flow of discoverable material to the State from investigative personnel (Ill. S. Ct. R. 412(g), Committee Comments (adopted Oct. 1, 1971)), such as police officers and personnel of criminal testing laboratories. *People v. Sutton*, 327 Ill. App. 3d 273, 281 (2002). The provision acts as a complement to Rule 412(f), which provides that "[t]he State should ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offense charged." Ill. S. Ct. R. 412(f) (eff. Mar. 1, 2001). Rule 412(g) "is primarily concerned with material of which the State does not have knowledge but of which defense counsel is aware; and therefore the burden is upon defense counsel to make the request and to designate the material or information which he wishes to inspect." Ill. S. Ct. R. 412(g), Committee Comments (adopted Oct. 1, 1971). Rule 412(g) "avoids placing the burden on the prosecutor, in the first instance, of canvassing all governmental agencies which might conceivably possess information relevant to the defendant." *Id.* The purpose of Rule 412(g) is not to broaden the scope of discovery but instead to solve implementation issues. *Id.* As such, the provision is "limited to material or information 'which would be discoverable if in the possession or control of the State.' " *Id.*

¶ 29    Although defendant claims that the State was required to disclose Steele's spontaneous identification of him under Rule 412(g), as the committee comments note, the provision "is primarily concerned with material of which the State does not have knowledge but of which defense counsel is aware." *Id.* In the instant case, it is undisputed that the State knew of Steele's spontaneous identification of him because, during trial preparation, Steele informed an assistant

State's Attorney that she spontaneously identified defendant to responding police officers. Therefore, the circumstances present are not what Rule 412(g) intended to facilitate, and the State did not commit a discovery violation under Rule 412(g).

¶ 30    Despite the State not committing a discovery violation under Rule 412, defendant posits that the State had an obligation above and beyond the requirements of Rule 412 to disclose Steele's oral statement based on the defense's catch-all discovery request to disclose "[a]ny and all evidence whether or not specifically requested or described which may be, or could foreseeably become exculpatory, mitigating, or otherwise material to guilt or innocence, or favorable to the defense." It would certainly seem that the State would have to disclose Steele's oral statement in order to be responsive to this discovery request by the defense. However, defendant has cited no case law that the State has a discovery disclosure obligation above and beyond the requirements of Rule 412. Indeed, our supreme court and this court has repeatedly stated that Rule 412 governs discovery in criminal cases. See *Lovejoy*, 235 Ill. 2d at 118 ("Disclosure requirements in criminal cases are governed by Supreme Court Rule 412."); *People v. Robinson*, 157 Ill. 2d 68, 79 (1993) ("Supreme Court Rule 412 provides for the disclosure of materials and information within the State's possession."); *People v. Lowry*, 354 Ill. App. 3d 760, 769 (2004) ("Disclosure to the accused is governed by Supreme Court Rule 412."); *People v. Weber*, 264 Ill. App. 3d 310, 316 (1994) ("Criminal discovery is governed by Supreme Court Rule 412."); *People v. Davis*, 130 Ill. App. 3d 41, 49 (1984) (observing that "Illinois Supreme Court Rule 412 *** governs the mechanics of criminal discovery").

¶ 31    Likewise, defendant has cited no case law that the State has a discovery disclosure obligation above and beyond the requirements of the relevant portions of the Code. See, *e.g.*, 725 ILCS 5/114-9 (West 2018) (titled "Motion for a List of Witnesses"); 725 ILCS 5/114-10 (West

2018) (titled "Motion to Produce Confession"); 725 ILCS 5/114-13 (West 2018) (titled "Discovery in criminal cases"). In fact, as the committee comments to Rule 412 note, Rule 412(a)(i) broadens the requirements of section 114-9 of the Code. See Ill. S. Ct. R. 412(a), Committee Comments (adopted Oct. 1, 1971). Moreover, according to the committee comments, Rule 412(a)(ii) "is substantially" section 114-10(a) of the Code. See *id.* And finally, section 114-13(a) specifically states that "[d]iscovery procedures in criminal cases shall be in accordance with Supreme Court Rules." 725 ILCS 5/114-13 (West 2018). What this means is that, according to our case law and the Code, discovery in criminal cases is governed by Rule 412. Because defendant has provided no legal support for his proposition that the State has a discovery disclosure obligation above and beyond the requirements of Rule 412, he has forfeited this argument. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."); see also *People v. Ward*, 215 Ill. 2d 317, 331-32 (2005) (fining the defendant forfeited an argument where he "cite[d] no authority in support of th[e] proposition"). As a result, we need not address defendant's argument that the State had an obligation above and beyond the requirements of Rule 412 based on his motion for discovery's catch-all request.

¶ 32    Nevertheless, defendant relies on *People v. Shegog*, 37 Ill. App. 3d 615 (1976), to support his contention that a discovery violation occurred in the instant case. In *Shegog*, during a burglary trial, a police officer testified that the defendant admitted to breaking into an apartment building. *Id.* at 616. Upon hearing this testimony, his defense counsel objected because the State failed to disclose during discovery that the defendant made an oral confession, as required by Rule

412(a)(ii).[1] *Id.* An assistant State's Attorney responded that he was unaware of the confession at the time discovery was ordered, and the trial court allowed the confession into evidence. *Id.* Ultimately, the court found the defendant guilty of burglary. *Id.* at 617. On appeal, the defendant contended that the court's admission of his oral confession was prejudicial error because the substance of the confession and a list of the witness to its making were not disclosed to the defense before trial. *Id.* at 615. In making this contention, the defendant primarily relied on section 114-10 of the Code (Ill. Rev. Stat. 1973, ch. 38, § 114-10.)), which, similar to Rule 412(a)(ii), required that the State furnish a list of witnesses to the making of an oral confession. *Shegog*, 37 Ill. App. 3d at 617 (citing Ill. Rev. Stat. 1973, ch. 38, § 114-10).

¶ 33    In reviewing the defendant's contention, this court underscored that the provisions of section 114-10 of the Code were mandatory. *Id.* We added that "[t]he requirement of compliance with the statute is particularly important where a defendant claims he does not remember making any statement and his attorney thus could not know of any such statement through his client." *Id.* This court observed that compliance with the statute was excusable only where the trial court believed the State was unaware of the existence of the confession before trial and the exercise of due diligence would not have allowed the State to discover the confession. *Id.* Although we agreed with the trial court's belief that the State was unaware of the existence of the confession before trial, we concluded that due diligence would have led to the State learning about the confession. *Id.* at 617-18. As a result, this court found the trial court's admission of the defendant's oral confession into evidence was error, and he was entitled to a new trial. *Id.* at 618-19.

---

[1] At the time, Illinois Supreme Court Rule 412(a)(ii) (Ill. Rev. Stat., 1973, ch. 110A, § 412(a)(ii)) required the State to disclose if there was an oral confession and to furnish a list of the witnesses to the making of that confession. Rule 412(a)(ii) still mandates this disclosure. See Ill. S. Ct. R. 412(a)(ii) (eff. Mar. 1, 2001).

¶ 34 In contrast to *Shegog*, the instant case does not involve section 114-10 of the Code (725 ILCS 5/114-10 (West 2018)) or the similar requirement in Illinois Supreme Court Rule 412(a)(ii) (eff. Mar. 1, 2001). Rather, this case involves Rule 412(a)(i), which expands upon the disclosures required by section 114-9(a) of the Code (725 ILCS 5/114-9(a) (West 2018)). And notably, Rule 412(a)(i) has been discussed by our supreme court in *Mahaffey*, where the court made clear that, under Rule 412(a)(i), "the State is required to disclose a witness' oral statements only if they are in 'memoranda containing substantially verbatim reports of their oral statements.' " *Mahaffey*, 128 Ill. 2d at 418 (quoting 107 Ill. 2d R. 412(a)(i)). We are therefore unpersuaded by defendant's reliance on *Shegog*.

¶ 35 Defendant further relies on our supreme court's decision in *Lovejoy*, 235 Ill. 2d 97 for support. In that case, a forensic scientist authored a report stating that an initial swab of tile where a victim was found dead " 'was negative to a presumptive test for the presence of blood.' " *Id.* at 119. At trial, though, where the scientist testified as an expert in DNA, she asserted that the result was a false negative and additionally that further analysis of DNA extracted from the tile indicated the presence of blood. *Id.* at 108. However, neither of these assertions were included in the report the expert authored. *Id.* at 119. Based on these omissions, the defendant contended that the State committed a discovery violation. *Id.* at 111. In finding that the State did commit a discovery violation, our supreme court initially agreed with the State that it "properly disclosed the report it had in its possession" and the report was not "manipulated in any way to exclude relevant information." *Id.* at 119. However, the court observed that "[t]he fact remains that relevant information was left out of the report, and the information provided was misleading." *Id.* In responding to the State's argument that, under Rule 412, it was not required to memorialize every

conversation it had with a witness and that, under Rule 412(a)(iv), it was only required to disclose written reports by experts, and not their opinions, our supreme court observed:

> "While both of these points are supportable, the fact remains that Rule 412, like all discovery rules, is designed to protect the accused against unfair surprise. [citations] That protection was not afforded to defendant in this case, as information integral to the defense was not divulged prior to trial. This omission unfairly burdened defense counsel with the 'difficult task of rebutting evidence of which he [wa]s unaware' [citation] and amounted to a violation of the disclosure rule." *Id.* at 120.

However, *Lovejoy* involved a different provision of Rule 412—one relating to expert witnesses—that is not at issue in the instant case. As such, *Lovejoy* is inapposite.

¶ 36    In sum, where the instant case involves Rule 412(a)(i), which does not mandate the disclosure of an oral statement by a witness that is not memorialized (*Mahaffey*, 128 Ill. 2d at 418; *Fomond*, 273 Ill. App. 3d at 1060; *Williams*, 262 Ill. App. 3d at 823-24), and there is no evidence that the State's lack of disclosure was due to bad faith on its part, the State did not commit a discovery violation by failing to disclose to the defense Steele's oral statement to an assistant State's Attorney that she spontaneously identified defendant. See *id.*

¶ 37    Lastly, defendant contends that his trial counsel provided ineffective assistance by failing to object on the basis of a discovery violation to Steele's testimony that she spontaneously identified defendant to the responding police officers.

¶ 38    Under the United States and Illinois Constitutions, a defendant has the right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. In evaluating claims of ineffective assistance of counsel, the defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Gayden*, 2020 IL 123505,

¶ 27. Under the *Strickland* test, the defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by that deficiency. *Strickland*, 466 U.S. at 687. More specifically, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's unreasonable performance, the result of the proceeding would have changed. *Gayden*, 2020 IL 123505, ¶ 27. Both prongs of the *Strickland* test must be met for a finding of ineffective assistance of counsel. *Id.*

¶ 39     Having found that the State did not commit a discovery violation, had defense counsel objected during trial to Steele's testimony on the basis of a discovery violation, that objection would not have succeeded. And defense counsel cannot be deemed ineffective for failing to raise a futile objection. See *People v. Edwards*, 195 Ill. 2d 142, 165 (2001) ("Counsel cannot be considered ineffective for failing to make or pursue what would have been a meritless objection."). Consequently, defendant's ineffective assistance of counsel claim fails.

¶ 40                                    III. CONCLUSION

¶ 41     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 42     Affirmed.